**CHAMPLIN REFINING CO. v. OKLAHOMA TAX COMMISSION et al.**

No. 5668.

District Court, W. D. Oklahoma.

Nov. 4, 1938.

Scarritt & Champlin, of Enid, Okl., for plaintiff.

C. D. Cund, of Oklahoma City, Okl., for defendant Oklahoma Tax Commission.

VAUGHT, District Judge.

This is an action brought by the plaintiff for the recovery of alleged excessive excise taxes paid under protest upon the sale of gasoline. The facts are stipulated.

From January 1, 1932, to April 8, 1933, the plaintiff reported to the Oklahoma Tax Commission, gasoline consumed, sold, taken from storage, or used, as follows:

| | | |
|---|---:|---:|
| Total gallons reported | | 10,473,979 |
| Less 3% thereof | | 314,218 |
| Net 97% tax basis | | 10,159,761 |
| Less: Gasoline used for agricultural purposes | 2,126,212 | |
| Sales to United States | 5,632 | 2,131,844 |
| Total taxable gasoline | | 8,027,917 |
| Tax due (at 4¢ per gallon) | | $321,116.68 |

From April 9, 1933, to November 30, 1934, the plaintiff reported to the Oklahoma Tax Commission as follows:

| | | |
|---|---:|---:|
| Total gallons reported | | 16,949,850 |
| Less 3% thereof | | 508,497 |
| Net 97% tax basis | | 16,441,353 |
| Less: Gasoline used for agricultural purposes | 5,226,787 | |
| Sales to United States | 16,872 | 5,243,659 |
| Total taxable gasoline | | 11,197,694 |
| Tax due (at 4¢ per gallon) | | $447,907.76 |

Section 12527, Okl.Stat.1931, 68 Okl.St. Ann. § 651 (Sess.Laws 1929, Ch. 278, § 1), provides as follows: "There is hereby levied an excise tax of four cents (4¢) per gallon on each and every gallon of gasoline consumed in the State of Oklahoma, to be reported and collected as hereinafter provided. Provided that ninety-seven (97%). per cent of the gallonage reported to the State Auditor shall be the basis used in computation of the amount of tax due the state."

The above statute controls the tax charged and collected by the state from January 1, 1932, to April 8, 1933.

Section 1, Chapter 126, Session Laws 1933, 68 Okl.St.Ann. § 651, provides as follows:

"That Section 12527, Oklahoma Statutes 1931, be, and the same is amended to read as follows:

"'Section 12527. There is hereby levied an excise tax of four cents (4¢) per gallon upon the sale of each and every gallon of gasoline sold, or stored and distributed, or withdrawn from storage, within this State, for sale or other use, to be reported and collected as provided by law; provided, that ninety-seven per centum (97%) of the gallonage reported to the Oklahoma Tax Commission shall be the basis used in the computation of the amount of tax due the State; Provided, no gasoline shall be the basis of the gasoline excise tax hereby imposed, more than once; and such gasoline excise tax shall be computed and collected as provided by law.'"

It is admitted that during the entire period involved in this action, Section 28, Article 9, Chapter 66, Session Laws 1931, 68 Okl.St.Ann. § 708, was in force and effect, which section provides:

"(a) When any person buys motor fuel within the State of Oklahoma, to be used by him for operating farm tractors or stationary engines owned and operated by the purchaser of such motor fuel and used exclusively for agricultural purposes, he shall demand and receive of the seller of such motor fuel his motor fuel tax free, and an invoice or ticket, which shall be on a form which shall be prescribed and furnished by the Oklahoma Tax Commission, showing the number of gallons of motor fuel so bought, the purpose for which it is intended to be used and the date and place of purchase, the name of the seller and the name of the purchaser, the name of the agent or employee, if any, making the sale, and the name of the agent or employee, if any, making the purchase, the manner of delivery and the place of delivery; and said invoice, or ticket, shall show the deduction of the tax and the said invoice or ticket shall show such other information as may be required by the rules and regulations of the Oklahoma Tax Commission; and such invoice or ticket shall be made at the time of the sale or delivery of the motor fuel covered thereby; and it shall, under no circumstances, be made at any other time.

"(b) The seller of said tax free motor fuel shall be entitled to deduct from his subsequent payments to the Oklahoma Tax Commission, the amount of tax he has paid on gasoline sold for said agricultural pur-

poses from which sale price, the tax was deducted. Provided, said deductions shall be allowed only after verified claims on forms approved and furnished by the Tax Commission, shall have been filed with said Tax Commission by said seller."

The sole question involved here is the construction of these statutes. As will be noted from the foregoing tabulations, after establishing the 97 per cent. base, the plaintiff deducted the amount of gasoline sold for agricultural purposes and to the United States and then paid to the state the tax on the net balance, at the rate provided by statute.

The defendants contend, however, that the amount of gasoline deducted for agricultural purposes and the amount of gasoline sold to the United States, exempt from tax, should have been deducted from the total gallonage reported before deducting the three per cent. provided by statute.

■ It appears to the court that the statutes above cited are clear and unambiguous.

Sweet v. United States, 8 Cir., 228 F. ·421, 423: "And when a statute is plain and its meaning is certain, construction has no place or office. The conclusive legal presumption is that the legislative body meant what it said, and the duty of the courts is to give effect to its acts, not to amend or repeal them." See, also, U. S. v. Fisk, 3 Wall. 445, 70 U.S. 445, 18 L.Ed. 243; Petri v. Creelman Lumber Company, 199 U.S. 487, 26 S.Ct. 133, 50 L.Ed. 281; Branch v. Oklahoma County Excise Board, Okl.Sup., 82 P.2d 225.

How much gasoline is to be reported? "Every gallon of gasoline consumed in the State." The above statutory provision constitutes a complete statement. It is absolutely void of ambiguity. It is not lacking in clearness. It is as plain as the English language could state a fact. On every gallon of gasoline used in the state, a tax of four cents is levied. Then in the next sentence, it is specifically provided that 97 per cent. of the gallonage reported must be the basis for computation of the tax. Can it be said that the gasoline sold to the farmers for agricultural purposes or that the gasoline sold to the United States was not consumed in the state?

■ There is nothing in this Act which justifies the Tax Commission in reaching the conclusion that the 97 per cent. must be calculated upon the balance after the tax-free gasoline is deducted from the total gallonage. What does the 97 per cent. basis mean? It means that the total gallonage reported is used for only one purpose— determining what 97 per cent. of it would be. Therefore, 97 per cent. ·of the total gallonage is the only figure which can be made the basis for any calculation for tax. If 97 per cent. is the basis, why should not the tax-free gasoline be deducted? It most certainly is sold, and reported and, but for the express exemption included in the statute hereinbefore quoted, it would be a part of the gasoline on which tax would be paid. In some of the statutes, prior to amendment, relative to this exemption, there is at least an implication that the distributor should pay the tax even on that which is agriculturally exempt or which is sold to the United States, and then the receipts taken for these sales, which the consumer would give, should be treated as cash in the distributor's settlement with the tax authorities.

In the 1933 statute, supra, which is an amendment to the 1929 statute, instead of using the word "consumed" it is provided that a levy of four cents per gallon shall be made "upon the sale of each and every gallon of gasoline sold, or stored and distributed, or withdrawn from storage, within this State, for sale or other use." The word "sold" needs no explanation. But gasoline might be stored and distributed to a retailer for the purpose of sale. That would certainly be taxable. If it were withdrawn from storage and not sold, and not delivered to a retailer for sale but used, then the four cent tax must be paid on the amount used. Therefore, so far as the legal effect is concerned, the words "sold, or stored and distributed, or withdrawn from storage" have the same legal significance as if the word "consumed" had been used.

But in the 1933 Act it is provided that the gallonage should be reported to the Oklahoma Tax Commission and then that, "ninety-seven per centum (97%) of the gallonage reported to the Oklahoma Tax Commission shall be the basis used in the computation of the amount of tax due the State."

Certainly, if there is to be computation, there must be a beginning point or base, and the beginning point is 97 per cent. of the amount reported.

The defendants in their brief recite a schedule or method devised by the Tax

Commission for the handling of gasoline, making of reports, showing the tax collected, the amount of tax-free gasoline sold, et cetera, and said order concludes: "The tax-free sales, and sales outside the State, are then deducted to obtain the total number of gallons subject to the 3% allowance for shrinkage. After deducting this allowance, the number of gallons remaining is subject to the excise taxes levied by law." This provision in the order of the Oklahoma Tax Commission is not justified by the statute but is clearly an amendment to the statute which changes, materially, the meaning thereof.

No citation of authorities is necessary to justify the court in concluding that, while the Oklahoma Tax Commission may devise plans or methods for carrying the statute into execution, it has no authority to modify or enlarge or amend the statute or limit its meaning in any manner.

The court finds that the plaintiff is entitled to recover in the sum sued for in its petition. The facts having been stipulated, conclusions of law and a form of judgment consistent with this opinion may be submitted. An exception is allowed the defendants.