[Civ. Nos. 7666-7668. Third Dist. Sept. 29, 1949.]

FORD J. TWAITS et al., Appellants, v. STATE BOARD OF EQUALIZATION et al., Respondents.

[Three Cases.]

Latham & Watkins for Appellants.

Fred N. Howser, Attorney General, James E. Sabine and Irving H. Perluss, Deputy Attorneys General, for Respondents.

SCHOTTKY, J. pro tem.—The three above named actions were commenced by plaintiffs and appellants against defendants and respondents to recover taxes paid under the Retail Sales Tax Act of the State of California (Stats. 1933, p. 2599, as amended) for periods prior to July 1, 1943. The respondents having asserted that certain receipts of appellants were subject to the retail sales tax, the appellants paid the taxes, interest and penalties demanded, filed claims for refund, and after denial of the claims, commenced these actions. The three actions involving substantially the same facts, were consolidated for trial and presented to the superior court upon the pleadings and a written stipulation of facts. The trial court held that the appellants were liable for the tax and this appeal is from the judgment entered in accordance with such holding.

The material facts are that appellants are construction contractors who, during the years 1940, 1941 and 1942,

were engaged in the construction of facilities for the United States War Department at Camp Roberts, San Miguel, California, Fort Ord, near Monterey, California, and Victorville Airport, Victorville, California. At each project the appellants provided mess and housing accommodations for the exclusive patronage of their own employees, and employees of subcontractors who were working on the project site. Said facilities were maintained for the convenience of the employers and employees and, in one case, because of a requirement in the prime contract with the United States. A 50-cent charge was made for each meal served, whether the employees of the appellants or employees of subcontractors.

The appellants, believing that they were not "retailers" of the meals served, failed to report the receipts from this activity and paid no sales tax on account thereof. In reaching said conclusion, the appellants relied upon section 2(e) of the Retail Sales Tax Act, the pertinent portions of which read:

" 'Retailer' includes every person engaged in the business of making sales at retail . . . EXCEPT . . . EMPLOYERS OR EMPLOYEE ORGANIZATIONS SERVING MEALS EXCLUSIVELY TO EMPLOYEES SHALL NOT BE REGARDED AS RETAILERS OF THE MEALS SERVED BY THEM . . ." [Stats. 1939, p. 2170.]

The issue to be determined upon this appeal is whether or not the amounts received by appellants as prime contractors on a construction project from the sale of meals exclusively to its employees and the employees of its subcontractors working on the project, were subject to sales tax.

Appellants' first contention is that section 2(e) expressed a legislative policy to exclude from sales taxation receipts of the kind here involved. Appellants argue:

"In declaring that policy and in defining the area of exclusion it must have been cognizant of the general nature of construction operations, and of the fact that large construction projects customarily involve the services, on the project, of subcontractors. It must further have been cognizant of the fact that many employers operate cafeterias or mess halls for the benefit of their employees. It is inconceivable that, in view of this situation, the legislature could have intended to draw a fine distinction between the employees of a prime contractor on the project and the employees of a subcontractor. What the legislature sought was the removal from the incidence of the sales tax of non-commercial operation of mess facilities by an employer for the benefit of em-

ployees, whether in a closely integrated manufacturing plant or on a large construction project. The respondents improperly seek to distort the legislative purpose; they seek an interpretation of Section 2(e), which is based upon a technical approach and which, in fact, thwarts the legislative purpose. It has been repeatedly stated that tax statutes shall be interpreted in a practical manner so as to effectuate the true legislative purpose.''

Respondents in reply assert that appellants seek to draw from the plain and unambiguous language of section 2(e) a construction which is not supported by its wording when appellants argue in effect that the statute made no distinction between persons employed by them and persons employed by other employers.

Much has been written in many decisions upon the somewhat nebulous subject of legislative intent, but we do not believe that a court is justified in ignoring the plain words of a statute unless it clearly appears that the language used is contrary to what was, beyond question, the intent of the Legislature. As stated in section 1858 of our Code of Civil Procedure:

''In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained thereon, not to insert what has been omitted, or to omit what has been inserted.''

The employees of the subcontractors were not the employees of the appellant contractors, and since the exemption from the sales tax applied only to employers ''serving meals exclusively to employees'' we are unable to agree with appellants that, when they provided a mess hall which served meals for a monetary consideration to their own employees and also to the employees of subcontractors, they were not subject to the sales tax. For, as said by our Supreme Court in *Cypress Lawn Cemetery Assn.* v. *San Francisco,* 211 Cal. 387, at page 390 [295 P. 813]:

''Constitutional provisions and statutes exempting property from taxation are strictly construed. (*People* v. *Board of Directors,* 174 Ill. 177 [51 N.E. 198].) Grants of exemption from taxation cannot be allowed unless the intention to do so is expressed in direct terms or is fairly inferable from the language of the instrument by which the right is claimed. (*Pasadena University* v. *County of Los Angeles,* 190 Cal. 786, 791 [214 P. 868].)''

■ Appellants make the further contention that because the Legislature in 1943 (Stats. 1943, p. 2453) enacted an amendment to the sales tax laws which in terms exempted from sales tax meals served by employers "to the employees engaged in work upon a particular project or undertaking," the Legislature intended to clarify the existing statute, not to change it. They argue that the 1943 amendment was but the clarification of the existing law because appellants and other taxpayers were contesting the imposition of the tax at the time of enactment of [Rev. & Tax. Code] section 6363. While such a rule of construction has at times been utilized by the courts, the latest expression of our Supreme Court is found in *People* v. *Santa Fe Fed. Sav. & Loan Assn.,* 28 Cal. 2d 675, 685 [171 P.2d 713], where it was said:

"Ordinarily, any substantial amendment of a statute indicates a legislative intention to change the meaning of the enactment rather than to interpret it. (*Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449]; *Young* v. *Three For One Oil Royalties,* 1 Cal.2d 639 [36 P.2d 1065].) The very fact of amendment evidences a desire to change the existing law. (*Loew's, Inc.* v. *Byram,* 11 Cal.2d 746 [82 P.2d 1].)"

We believe that the 1943 amendment must be considered a change in the law rather than a clarification. When the Legislature enacted the original sales tax statute it was, of course, aware that in all large projects there were subcontractors and employees of subcontractors. If it had intended to exempt from the sales tax an employer serving meals not only to its own employees but also to the employees of its subcontractors it could easily have said so. We are of the opinion that the 1943 amendment indicated a change in legislative policy and a desire on the part of the Legislature to extend the exemption to include employers serving meals to the employees engaged in work upon a particular project.

Respondents also point out that the provisions of section 2 (e) with which we are concerned were first added to the Retail Sales Tax Act by chapter 679, Statutes of 1939, and that on April 23, 1940, the State Board of Equalization issued its ruling that the board considered as retailers employers who served meals other than exclusively to their employees. The ruling was reissued in 1941 and 1942. Respondents argue that the continuation over the period of this administrative practice, and its approval by the failure of the Legislature to amend section 2(e) during this period, is substantial support for respondents' position that the Legislature intended the

statutory exemptions to be granted only to employers serving meals exclusively to their employees.

 The administrative practice under a statute and its interpretation by officials charged with its administration are entitled to great weight in the consideration of the proper construction of such statute, although it is also true that the final responsibility for the interpretation of the law rests with the courts and an administrative officer may not make a rule or regulation which alters or enlarges the terms of a legislative enactment. (*Coca-Cola Co.* v. *Board of Equalization*, 25 Cal.2d 918 [156 P.2d 1] ; *Whitcomb Hotel, Inc.* v. *California Emp. Com.*, 24 Cal.2d 753 [151 P.2d 233, 155 A.L.R. 405] ; *California Drive-In Restaurant Assn.* v. *Clark*, 22 Cal.2d 287, 294 [140 P.2d 657, 147 A.L.R. 1028].)

In view of the foregoing we conclude that the trial court correctly determined that the appellants did not come within the legislative exemption from the sales tax that was assessed against them and were not entitled to a refund of said taxes.

The judgments are affirmed.

Adams, P. J., and Thompson, J., concurred.