Wesley W. KIRTLEY, Plaintiff In Error,

v.

Maida A. KIRTLEY, Defendant In Error.

No. 37170.

Supreme Court of Oklahoma.

June 19, 1956.

Rehearing Denied Sept. 25, 1956.

A. S. Wells, Seminole, for plaintiff in error.

William E. Bishop, Seminole, for defendant in error.

HUNT, Justice.

On August 4, 1951 Maida A. Kirtley obtained a divorce in the Superior Court of Seminole County from Wesley W. Kirtley, and the court approved a property settlement agreement between the parties wherein it was agreed that each of the parties would have and own individually one of the two automobiles then possessed by them; that the remainder of the property, consisting of two Men's Clothing Stores, a residence and furnishings, was valued at $46,-000, and the defendant agreed to pay to the plaintiff, his wife, $23,000 in monthly installments of $150 per month for her share of the estate. The minor child of the parties, a daughter 14 years of age, chose to live with her father, who provided for her during three years of high school, and in 1954, her first year in Junior College, he paid all her college expenses but deducted one-half of the college expense from the amount he is paying his former wife under the property settlement.

On November 29, 1954 the former wife, who was then Mrs. Boyd, filed a motion in the divorce action entitled "Motion to Modify", wherein she alleged that the defendant had made drastic reductions in the monthly payments due her since the minor child had entered college and moved the court for a construction of paragraph 5 of the settlement agreement, which paragraph is as follows:

"5. It is further agreed by and between the parties hereto that the education of said minor child, Nancy Jane Kirtley, will be the liability of both parties hereto, both parties to share in expense of said education according to their respective ability."

The defendant filed a response to the motion wherein he alleged that plaintiff received more than half of the estate of the parties, that she represented she was going to live alone, that he, respondent, had paid all expenses of the minor child during her three years in high school and had not charged the plaintiff with any part of said costs, but had deducted one-half of the college expenses of the daughter from the payments due plaintiff, and alleged that she, plaintiff, should pay one-half of the college expenses of the daughter and moved the court to so adjudge and decree. The defendant was granted leave to amend his response so as to allege that the plaintiff is indebted to the defendant for one-half of the

educational expenses of the daughter while she was in high school, as well as while in college. At the hearing on the motion and response the parties agreed that the obligation to pay the educational expenses of the daughter did not terminate when she reached maturity. The court, after hearing the evidence of the respective parties did on August 10, 1955 make and enter an order construing and adjudging that paragraph 5 of the property settlement agreement only referred and applied to the college education of the daughter and not to her high school education, and ordered that one-third, or the sum of $744.20, of the expenses arising from the college education of the daughter for the school year 1954–1955 in the total sum of $2,232.60 should be paid by the plaintiff, Maida A. Kirtley, now Boyd, and that the defendant, Wesley W. Kirtley, should pay the remaining two-thirds of such expense, and that in no event should the plaintiff be required to pay in any school year a sum exceeding $744.20 on the daughter's college expenses. Defendant's motion for a new trial was denied and he appealed. The plaintiff in error, defendant below, presents two propositions as grounds for reversal of the order, the first of which reads:

> "The court erred in holding under his interpretation that 'education of said minor child, Nancy Jane Kirtley' meant college education only, and had no application to her high school expense."

In support thereof defendant quotes from 12 Am.Jur. 749 and decisions of this court announcing and following established rules relating to construction of contracts which hold in part that courts may not interpret an agreement so as to create a new and different one or revise an agreement while professing to construe it, and cites the case of British American Oil Producing Company v. Mid-Way Oil Company, 183 Okl. 475, 82 P.2d 1049, 1050, which holds:

> "2. The courts will not make over a written legal contract, nor enlarge or diminish rights or liabilities clearly and specifically provided therein."

The defendant further says the court violated all of the above rules in holding that the phrase "education of the child" in the property settlement agreement only applies to the college education of the child. The motion filed by the plaintiff and the order entered thereon are entitled "Motion to Modify" and "Order Modifying Property Settlement". The substance of the motion and the order made thereon are not a motion to modify the property settlement agreement but is a motion to construe and an order construing the paragraph of the agreement here in question and applying the same to the facts established by the evidence. Both parties in the proceeding request an order fixing the amount each should pay on the expenses incurred in the education of their daughter. The record does not contain a copy of the decree of divorce, but defendant states in his brief that the decree of divorce awarded the custody of the daughter equally between the parties, each to have her one-half of the time. The record shows that the daughter desired and continued to live with her father, who supported and provided for her during her high school period and paid for her expenses during her first year in college, but charged one-half of the latter expense to the plaintiff.

The plaintiff testified that before the property settlement was signed there was a discussion on the matter between her and her husband Kirtley and the attorney, in which Mr. Kirtley said:

> "Now, in a couple of years or so Nancy is going to come up for college, what about that?",

then she said:

> "All right, I will help you send her to college. Therefore, the wording in this (5th paragraph) is not as it was said in his office. * * * That applied to a college education. That's all I agreed to pay."

The defendant, in his direct testimony was asked and answered as follows:

> "Q. Now, you heard your former wife say that when you and she talked

together that the only thing that was discussed was a college education, is that right? A. No, It was,—as far as that is concerned it came about this way: I said 'My goodness, what are we going to do with Nancy Jane?'. She said 'She is going to stay with you, that's what she wants to do'. I said 'Well, now her schooling is going to cost a lot of money, and when she enters college it will be bad.' Those are exactly the words I said to her.

"Q. And she told you that you were going to have the responsibility, that she had elected to stay with you? A. Well, not necessarily. That's the remark she made to me, that she was going to stay with me 'That's what she wants to do.' "

It was not until July, 1955, after the daughter had finished her first year in college and after the plaintiff had filed the motion here in question that the defendant made any claim against the plaintiff for payment of any part of the expense incurred in the high school education of the daughter. At that time, on July 28, 1955, the defendant sent to the plaintiff a statement as follows:

"The approximate cost of three year's highschool for Nancy Kirtley,
$3,600.00
50% to be paid by Mrs. Boyd $1,800.00
Credit July payment 1955       $150.00
Balance due                $1,650.00"

We conclude that the order of the court, holding that the agreement relating to the school expenses of the daughter applied only to her expenses while in college, is supported by the evidence. Furthermore, it is apparent from the record that if the defendant had been entitled to recover from the plaintiff part of the high school expense of the daughter that he waived such right by making no claim therefor nor asserting any right thereto during the entire three years and more.

In Lewis v. Steward, 204 Okl. 349, 230 P.2d 455, 456, this court held that a par-

ty entitled to a certain royalty on coal who failed for a long period of time to insist upon payment of such royalty thereby waives his right to the royalty, and holds:

"1. A 'waiver' is the voluntary or intentional relinquishment of a known right, which involves the notion of an intention entertained by the holder of some right to abandon or relinquish instead of insisting on the right."

The case of Lewis v. Steward, supra, refers to the case of Skelly Oil Co. v. Funk, 197 Okl. 659, 174 P.2d 24, wherein it was said that a party may waive a right by conduct or acts, indicating an intention to relinquish such right or of failure to insist upon such right.

The second proposition proposed by the defendant reads:

"The judgment rendered by the court is contrary to the evidence and is unjust and works an unreasonable hardship upon the defendant."

Defendant's counsel first refers to the stipulation that plaintiff has a present husband able to provide her a home and living. He asserts that defendant has paid plaintiff under the property settlement agreement in excess of $7,000, and that he, defendant, has had to borrow money on his life insurance, his home, in order to pay plaintiff and support their daughter, and asserts that there is a large indebtedness against his store and home, and that he owes the local banks considerable amounts. The defendant's testimony was to the effect that he had been forced to borrow money to carry on his business and meet his obligations; that he owed much indebtedness and that all his property was mortgaged. He testified that he made during the years 1951 to 1954, inclusive, an average of approximately $5,000 per year, but that in 1953 he sold his Pauls Valley store at a loss of $4,000 from the inventory.

The plaintiff testified that she had no property or income other than the $150 per month paid or payable under the property settlement with the defendant.

It is an established rule that in an action of equitable cognizance this court on appeal will examine the evidence, but will not disturb the finding of the trial court unless the same is contrary to the clear weight of the evidence. From a consideration of the evidence and record as a whole, we find and conclude that the order and decree of the court adjudging and decreeing that the plaintiff pay one-third and the defendant two-thirds of the college expense of their daughter is not contrary to the clear weight of the evidence, and is supported by the evidence, and the judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in part and dissents in part.