Robert F. PIELSTICKER, Plain-
tiff in Error,

v.

W. P. CALLAHAN, Guardian of the person
and Estate of Mauricia C. Pielsticker, an
Incompetent Person, Defendant in Error.

No. 41443.

Supreme Court of Oklahoma.

April 18, 1967.

Rosenstein, Mesirow & Fist, Aaron Mesi-
row, Tulsa, for plaintiff in error.

Spillers & Spillers, Tulsa, for defendant
in error.

BLACKBIRD, Justice.

This appeal involves enforcement of a "CONTRACT FOR PROPERTY SETTLEMENT AND ALIMONY" entered into by and between plaintiff in error and his then wife, Mauricia C. Pielsticker, now the ward of defendant in error, while they were married, but were in the process of obtaining a divorce during May, 1955.

Under the terms of paragraph "(4)" of said contract, plaintiff in error was to pay Mauricia support and maintenance at the rate of $650.00 per month until his death, or her death or remarriage.

· Thereafter, the parties were divorced by a decree entered May 25, 1955, by the District Court in and for Tulsa County in its Cause No. D–58960, instituted by plaintiff in error herein, as plaintiff there.

In the petition, and its amendment, defendant in error, hereinafter referred to as "plaintiff", filed in this action, in 1964, he alleged, in substance, that plaintiff in error, hereinafter referred to as "defendant", made the above described payments through the month of March, 1964, but had since defaulted. Plaintiff prayed for judgment against defendant in the amount of his "arrearage", with interest at the rate of ·6% per annum on all of the delinquent installments from each's respective due date (which was alleged to be the first of each consecutive month) together with a reasonable fee for plaintiff's attorneys as authorized by statute for the collection of delinquent accounts, and for the costs of the action.

Disregarding other allegations not pertinent to the issues here involved, defendant's answer alleged in its paragraph "4" the following:

"4. * * *, defendant states that the Journal Entry of Judgment in Case No. D–58960 in the District Court in and for Tulsa County, Oklahoma, styled Robert F. Pielsticker, plaintiff, vs. Mauricia C. Pielsticker, defendant, a copy of which is hereto attached, marked Exhibit 'A' and made a part hereof as fully as if set forth herein, approved said Contract attached to and made a part of plaintiff's petition as Exhibit 'A' thereto; that under the rule in Munsey v. Munsey (Okl.), 385 P.2d 902, the property settlement agreement, although approved in the divorce decree, providing for the payment of alimony without definitely fixing the total amount to be paid or the term during which the payments are to be made, is void."

After trial of the cause some months later, the lower court entered judgment for plaintiff in the sum of $6,500.00, with interest as prayed for, and costs, after finding the parties had stipulated that defendant had failed to make the Six hundred and fifty-dollar monthly payments prescribed in the parties' above mentioned contract for the ten-month period preceding the judgment, and after also finding that said contract was not merged in the decree entered in Cause No. D–58960, supra, and that same constituted a valid contractual obligation.

After the overruling of defendant's motion for a new trial, he perfected the present appeal and herein seeks reversal on the sole authority of Munsey v. Munsey, supra. He argues that because the hereinbefore described contract did not specify a certain total amount he was to pay Mauricia under it, nor a specific term during which he was to make the six hundred and fifty-dollar monthly payments to her, said contract is void and unenforceable in this action, upon authority of the cited case.

We do not agree. It is our opinion that Murphy v. McElroy, 185 Okl. 388, 92 P.2d 369, cited by plaintiff, and other cases hereinafter referred to, rather than Munsey v. Munsey, supra, governs this action on contract. In Munsey v. Munsey, the parties' settlement agreement was merged into their subsequent divorce decree; and, it was to enforce *said decree,* that the proceedings there reported were instituted. While it is true that the decree in Cause No. D–58960, supra, dissolving the marriage of the parties here before the court, recited the divorce court's examination and approval of the contract here in-

volved, it neither mentions any of said contract's provisions nor incorporates them therein, by reference or otherwise. The opinion in Munsey v. Munsey, supra, speaks of the terms of the settlement agreement there referred to as being "reflected" in the divorce decree there involved; and our re-examination of the record in that case reveals that those provisions were literally lifted out of the agreement and written into the decree as a part of the court's findings therein. In this connection, see 24 Am. Jur., "Divorce and Separation", §§ 908 and 920. Thus the situation in that case was different than the one here, where the contract is sued upon, and does not, in order to be valid, need to specify a definite amount to be paid thereunder. In connection with the latter, see Murphy v. McElroy, supra, McNelis v. Bruce, 90 Ariz. 261, 367 P.2d 625, and other cases cited in the footnotes to Am.Jur.2d, supra, and the Annotation at 79 A.L.R.2d 609, 613, 614, including Petty v. Petty, 147 Kan. 342, 76 P.2d 850. In the last cited case, the court said, among other things:

"The provisions for payments to the wife are not invalid as a matter of law * * * the husband may lawfully agree to continue such payments as long as his wife lives, or during her natural life (citing authority), or for a shorter time, as until her remarriage (citing).

\* \* \* \* \* \*

"Neither is it so indefinite as to be invalid. It provides for several contingencies and makes specific provisions for each of them. It is indefinite only because it is unknown in advance which situation will arise, but it is not indefinite as to the obligations of the parties when they do arise.

\* \* \* \* \* \*

"He (appellee) contents himself by contending that it (the agreement) imposes obligations on plaintiff with respect to payments to the wife which the court, under our statute, could not impose on plaintiff in a divorce action, if no agreement between the parties had been en-

tered into. Cases are cited (citations deleted) in which it was held * * * the court could not give judgment for alimony to the wife in an indefinite sum, or for periodical payments over an indefinite time, as for life, or until the wife should remarry, but that the judgment for alimony must be in a specific sum, although it may be made payable at once or in future installments at the discretion of the court. This argument and this line of authorities are not in point. There is a distinct difference between what the court has authority under statutes to do with respect to alimony in a divorce case, and what the parties may agree upon."

As to related matters, see Sullins v. Sullins (Syll. 1) Okl., 280 P.2d 1009.

It will be seen from the above that the arguments herein presented by defendant as to the invalidity of the contract herein sued upon have been rejected in similar cases, by the majority of sound judicial opinion, in which we here concur. In accord with our conclusion that the arguments presented by him demonstrate no cause for reversal, the judgment of the trial court is hereby affirmed.

All the Justices concur.