Don Foster PERRY, Appellant,

v.

Janice Gwendolyn PERRY, Appellee.

No. 47205.

Supreme Court of Oklahoma.

May 4, 1976.

Rehearing Denied June 28, 1976.

Jeff Horn, Oklahoma City, for appellant.

Dewbre, Shores & Hilbert, by Gary Shores, Oklahoma City, for appellee.

IRWIN, Justice.

Appellant (husband) and appellee (wife) were divorced in 1972, and wife was awarded alimony for support. Wife remarried. Husband commenced proceedings to terminate the alimony payments under the provisions of 12 O.S.1971 § 1289(b).[1]

---

1. § 1289(b). In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the Court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable. Upon the presentation of proper proof of the death of such recipient, the Court shall order the judgment for support to be terminated, and the lien thereof released unless a proper claim shall be made for any past due support payments by any executor, administrator of heir within ninety (90) days from the date of death of the recipient. The

The trial court refused to terminate such payments and husband appealed. The trial court found that the alimony payments were not subject to termination upon re-marriage of the wife because the decree of divorce specifically provided otherwise.

■ Husband contends that alimony for support is terminable under the provisions of § 1289(b); that the alimony awarded by the subject decree is for the purpose of support; and that he has a right to have the alimony terminated because of wife's remarriage. We agree that the decree expresses a clear intent to award alimony for support. Also, § 1289(b) plainly provides for the termination of alimony for support under certain circumstances where the wife has remarried. We do not agree that the remarriage of the wife entitles husband to termination of the alimony payments in the case at bar.

The paragraph in the divorce decree ordering husband to pay alimony to wife contained this proviso:

"It is further provided that pursuant to the agreement of the parties that said alimony payments shall not be discharge-able other than upon the death of the plaintiff herein (wife) notwithstanding provisions of the statute to the contrary."

The phrase "notwithstanding provisions of statute to the contrary" can refer only to § 1289(b) supra, and there is no language in the decree evidencing any intent whatsoever that the alimony payments were subject to termination upon wife's remarriage. The proviso in the divorce decree evidences an unequivocal intent upon the part of the husband to waive his rights under § 1289(b) to terminate the alimony payments upon wife's remarriage.

■ This Court has on more than one occasion said that a waiver occurs where there is a voluntary and intentional relinquishment of a known right. *Archer v. Wedderien,* Okl., 446 P.2d 43 (1968); *Kirtley v. Kirtley,* Okl., 301 P.2d 671 (1956). Furthermore, a right may be waived whether conferred by law or contract. *Whitmire v. Zolbe,* Okl., 403 P.2d 445 (1965). More specifically, this Court has held that a statutory requirement imposed on the trial court as to the manner in which the property of the parties to a divorce will be divided may be waived. In *Mills v. Mills,* Okl., 512 P.2d 143 (1973), the Court addressed the contention that 12 O.S.1971, § 1278 required the trial court in a divorce action to divide all real property in a property settlement into fee simple estates, and that to grant a lesser undivided interest rendered that portion of the property settlement void. In *Mills,* the Court said:

"We hold that since the parties entered into a property settlement negotiated by parties and their attorneys and providing for division of certain properties in less than fee simple estates, that 12 O.S.1971 § 1278 does not apply to render such division void, for such parties have waived their rights to complain and the decree based thereon has long since become final."

■ Parties in contemplation of a divorce are free to contract for disposition of their property and for alimony as support. Likewise, the trial court may at its discretion incorporate the agreement of the parties into the divorce decree. *Miller v. Miller,* Okl., 456 P.2d 113 (1969).

Prior to the amendment of § 1289(b), this Court considered the enforceability of a contract in contemplation of divorce in *Pielsticker v. Callahan,* Okl., 428 P.2d 203 (1969). In *Pielsticker,* the husband and

Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that

unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the Court shall, upon proper application, order the support judgment terminated and the lien thereof discharged.

wife entered into a "CONTRACT FOR PROPERTY SETTLEMENT AND ALIMONY" and under the contract husband agreed to pay wife for support and maintenance the sum of $650.00 per month until his death, or her death or remarriage. The contract was not incorporated or merged into the divorce decree, but it was "approved" by the court in the decree. Thereafter, husband refused to make support and maintenance payments as provided for in the contract contending under authority of *Munsey v. Munsey*, Okl., 385 P.2d 902 (1963), that the agreement to pay support alimony was void for uncertainty due to the contingencies to which the monthly payments were subject. Under the law existing at that time, the trial court could not have entered a valid order in the divorce decree attempting to make support alimony terminable on the event of remarriage, *Munsey v. Munsey,* supra. However, this Court found that a contract between the parties to do precisely what the trial court could not do by order was valid and enforceable, and that such a contract did not contravene public policy.

In amending § 1289(b) supra, the Legislature recognized that continuation of alimony payments for support upon remarriage of the recipient does not contravene public policy. In our opinion the Legislature did not intend to preclude parties, in contemplation of divorce, from freely contracting with respect to disposition of their property and alimony for support. Nor do we believe it was the Legislature's intent to preclude the trial court from incorporating into its decree (and to be enforced as a part thereof), the agreement of the parties.

■ We hold that where a husband and wife, in contemplation of a divorce, enter into an agreement concerning the termination of alimony for support, and that agreement is subsequently incorporated into the divorce decree, they waive those rights granted them under 12 O.S.1971, § 1289(b), which are inconsistent with the terms of the decree.

Judgment affirmed.

WILLIAMS, C. J., and DAVISON, BERRY and BARNES, JJ., concur.

HODGES, V. C. J., and LAVENDER, SIMMS and DOOLIN, JJ., dissent.

DOOLIN, Justice (dissenting).

Despite the obvious intent of the Legislature in enacting 12 O.S.1971 § 1289(b) to make it mandatory for every divorce decree to provide that support alimony shall terminate upon the marriage of recipient unless extenuating circumstances are timely shown, the Court today permits a judge to circumvent the statute and enter a judgment in complete contravention of the law of the State of Oklahoma. In so doing the Court attempts to persuade us the law of waiver justifies relegating this portion of the statute into oblivion. The attempt is wholly unconvincing. I therefore dissent.

*Pielsticker v. Callahan,* decided prior to the adoption of this statute, is cited by the majority as standing for the proposition a decree providing that alimony payments shall not terminate upon remarriage of wife does not contravene public policy. We do not read it in this manner. *Pielsticker* was an appeal from a suit to *enforce a contract of property settlement and alimony.* The Court enforced the contract holding contracts of property settlement under the then existing statutes are not against public policy. With this we agree. In *Pielsticker,* however, there was no issue of continuing alimony payments after remarriage. This is a matter of public policy which has now been codified into our statutes.

The statute uses the mandatory "shall". The word "shall" is usually given its common meaning of "must" and interpreted as implying a command. *Oklahoma Alcoholic Beverage Control Board v. Moss,* 509 P.2d 666 (Okl.1973). It has been held that such a statute founded on public interest and prescribing manner in which public interests are to be performed is mandatory and cannot be waived. *State v. Smith,* 320 P.

2d 719 (Okl.Cr.1958). Ordinarily a party to a contract may waive any of its provisions that are for his benefit, but when a *statute* contains provisions that are founded upon public policy, those to whom it applies are not permitted to waive such provisions. *Spruell v. Blythe,* 215 Md. 117, 137 A.2d 183 (1957), *Heim v. American Alliance Ins. Co. of New York,* 147 Minn. 283, 180 N.W. 225 (1920). A statutory right conferred on a private party effecting public policy may not be waived or released if such waiver or release thwarts legislative policy which it was designed to effectuate. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). Also see *Brennan v. Veterans Cleaning Service,* 482 F.2d 1362 (5th Cir. 1973).

We agree with the holding of the cases cited by the majority that parties may voluntarily waive a known right. However, none of them deal with waiver of statute. If the provision in the statute were optional and did not affect matters of public policy there would be no doubt Husband waived his right to have alimony terminated. But here we deal with judicial disregard of a statutory expression of public policy, not a waiver of an optional right. No cases are quoted to us wherein such a statutory mandate is waived.

It is the duty of courts to give effect to legislative acts, not to amend, repeal or circumvent them. *Champlin Refining Co. v. Oklahoma Tax Commission,* 25 F.Supp. 218 (W.D.Okl.1938). A court is not justified in ignoring the plain words of a statute. *Twaits v. State Board of Equalization,* 93 Cal.App.2d 796, 210 P.2d 40 (1949); *Schroder v. Kansas State Highway Commission,* 199 Kan. 175, 428 P.2d 814 (1967).

Other jurisdictions support this view. In *Miller v. Miller,* 317 Ill.App. 447, 46 N.E.2d 102 (1943) the circumstances and statutes were nearly identical to those in our case. The Court held even though a divorce decree provided remarriage should not be a cause for modification of alimony payments, it was proper for the trial court to cancel all alimony payments because the statute made it *mandatory upon the court* to cancel alimony payments in all cases where recipient had remarried. The provision made a part of the decree providing that remarriage should not affect monthly payments was a nullity. See also *Tomkins v. Tomkins,* 89 Cal.App.2d 243, 200 P.2d 821 (1940).

We believe the reasoning of the Illinois Court to be the better view, and would reverse with instructions to terminate Wife's alimony payments absent some showing of need on her part for their continuance, assuming timely application therefor.

I am authorized to state that HODGES, V. C. J., and LAVENDER and SIMMS, JJ., concur in the views herein expressed.