**Jeanette Yvonne CHILES, now Knox, Appellee,**

v.

**William Chester CHILES, Appellant.**

No. 70445.

Court of Appeals of Oklahoma, Division No. 3.

July 11, 1989.

Tim C. Haley, Linn & Helms, Oklahoma City, for appellant.

George Miscovsky, Sr., Miscovsky, Sullivan, Taylor & Manchester, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellant seeks review of the Trial Court's order denying his Motions to Terminate/Reduce support alimony after Appellee's remarriage. The parties were divorced in 1979 by consent decree. The decree provided for payment of support alimony for a period of ten (10) years, "cancelable only upon [Appellee wife's] death pursuant to agreement of the parties." Appellant paid the agreed support until September or October, 1987, when Appellee remarried.

Appellee cited Appellant for contempt for failure to pay the agreed support. Appellant filed his Motions to Terminate/Reduce, arguing (1) by operation of 12 O.S. § 1289(B), his obligation to support Appellee terminated upon her remarriage, (2) failure of Appellee to request continuation of support within ninety (90) days of remarriage as required by § 1289(B), and (3) change of condition for both Appellant and Appellee, warranting termination and/or reduction of support. The Trial Court ultimately found Appellant not guilty of contempt, denied Appellant's motions to terminate/reduce, and reduced unpaid support payments ($7,500) to judgment for Appellee.

On appeal, Appellant reurges the same grounds asserted below in support of his allegations of error by the Trial Court in denying his motion to terminate/reduce support alimony. The relevant statute in effect at the time of entry of the consent divorce decree provided:

B. In any divorce decree which provides for periodic alimony payments, the court shall plainly state, at the time of entering the original decree, what dollar amount of all or a portion of each such payment is designated as support, and what dollar amount of all or a portion of such payment is a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable.... The court shall also provide in the divorce decree that any such payment of support shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that some amount of support is still needed and that circumstances have not rendered payment of same inequitable. Provided however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the court shall, upon proper application, order the payment of support terminated and the lien thereof discharged.

12 O.S.1979 Supp. § 1289(B).

We note that the provision for termination of husband's support obligation upon remarriage of wife is founded on the proposition that "ordinarily a woman would no longer need to be supported by her former husband if she remarried because of the new husband's obligation to support her." *Overton v. Overton,* 578 P.2d 1216, 1218 (Okl.App.1978). We have no doubt that the same rule would apply in the rarer case of payment of support alimony by wife and remarriage of ex-husband.

Whether a party to a divorce, obligated by a consent decree, may effectively waive the right to termination of the consented-to obligations upon remarriage of the recipient under § 1289(B) has been the subject of several Supreme Court decisions. See, *Isenhower v. Isenhower,* 666 P.2d 238 (Okl. App.1983) (oral agreement to terminate property division payments upon remarriage contrary to statute and public policy; provision of § 1289(B) for irrevocability of

payments for property division may not be waived); *Dickason v. Dickason,* 607 P.2d 674 (Okl.1980) (decree failed to show agreement to avoid effect of § 1289(B) terminating support upon remarriage; order terminating support obligation because of recipient's remarriage affirmed); *Acker v. Acker,* 594 P.2d 1216 (Okl.1979) (unless parties agree that support will not terminate upon remarriage of recipient, trial court commits reversible error ordering non-termination; order for non-termination voidable in absence of agreement by parties); *Stuart v. Stuart,* 555 P.2d 611 (Okl.1976) (termination of support provisions of § 1289(B) not mandatory where parties agree that support payments will not terminate upon remarriage of recipient); *Perry v. Perry,* 551 P.2d 256 (Okl.1976) (where agreement of parties relating to termination of support upon remarriage incorporated into divorce decree, parties waive rights under § 1289(B) which are inconsistent with the incorporated agreement.)

In the present case, Appellant argues that he did not specifically agree to non-termination of support upon remarriage of Appellee, that it was his understanding that support would terminate upon Appellee's remarriage, that the decree itself is silent as to termination of support upon remarriage, and that therefore § 1289(B) controls and directs that support payments abate. Appellee argues that the *sole and only* agreed-to ground for termination of support was death of Appellee, and that Appellee's remarriage has no effect on Appellant's spousal support obligation.

In *Stuart,* the Trial Court found, and the Supreme Court agreed, that the intent of the parties, as found in the written property settlement agreement, did not anticipate termination of husband's support obligation upon death or remarriage of wife, *notwithstanding* total silence of the agreement or the decree as to the applicability of the termination provisions of § 1289(B). 555 P.2d 611, 615, 616. In *Perry,* there was included in the divorce decree, a provision that "pursuant to the agreement of the parties that said [support] alimony payments shall not be dischargeable other than upon the death of ... (wife) notwithstand-

ing provisions of the statute to the contrary." The Supreme Court held "that where a husband and wife, in contemplation of a divorce, enter an agreement concerning the termination of alimony for support, and that agreement is subsequently incorporated into the divorce decree, they waive those rights granted them under [12 O.S. § 1289(B)] which are inconsistent with the terms of the decree." 551 P.2d 256, 258.

■ Under these authorities, we agree with Appellee. It is clear that the parties specifically agreed that Appellant's support obligation would be "cancelable *only* upon [Appellee wife's] death pursuant to agreement of the parties." (Emphasis added.) In our view, the use of the word "only" clearly delineates the *sole* contingency under which spousal support would terminate. Insofar as the parties' agreement as to the right of termination of support based solely upon the death of Appellee is inconsistent with the express provisions of § 1289(B), providing for termination of support based on remarriage of the Appellee, the right to terminate support based on remarriage has been waived. *Perry v. Perry,* 551 P.2d 256, 258. See also, *Johnston v. Griffith,* 675 P.2d 1038 (Okl.App.1983) (where decree makes no provision for termination of support upon remarriage of recipient, trial court may nevertheless deny termination if court concludes it was intent of parties to continue payments after remarriage.) Because Appellant's spousal support obligation did not terminate upon Appellee's remarriage, Appellee would not be required to seek a redetermination of need under § 1289(B). We therefore reject Appellant's first two propositions of error.

■ As to that part of Appellant's motion seeking reduction of his support obligation, the relevant statutory section provides:

E. [T]he provisions of any divorce decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continu-

ing so as to make the terms of the decree unreasonable to either party. Only those installments accruing subsequent to the motion for modification may be modified.

12 O.S.1987 Supp. § 1289(E).

Under the circumstances of this case, we cannot say that the continued payment of support to Appellee is "unreasonable" to Appellant, especially considering our construction of the parties' agreement. Notwithstanding, we doubt the power of the Trial Court to modify the agreed-to provisions of the divorce decree without the consent and agreement of both parties. Nevertheless, we further find the 1987 amendment to § 1289 allowing subsequent modification of spousal support obligations on showing of change of ability or need inapplicable to the decree at bar entered years previous to the amendment of § 1289. *Holdsworth v. Holdsworth*, 720 P.2d 326 (Okl.1986).

The order of the Trial Court denying Appellant's motion to terminate/reduce support alimony is therefore AFFIRMED.

REYNOLDS, J., concurs.

HANSEN, P.J., dissents.