Junemma Foss KITTREDGE, Appellee,

v.

John Russell KITTREDGE, Appellant.

No. 80858.

Supreme Court of Oklahoma.

March 28, 1995.

Rehearing Denied Feb. 28, 1996.

Henson, Henson, Henson Marshall and Milburn, by Karen Henson, Shawnee, for appellee.

Community Legal Services by Tomme J. Fent, Oklahoma City, for appellant.

HODGES, Justice.

The issue in this case is whether the decree of divorce incorporating a consent agreement is void because the agreement does not state the defendant knowingly waived his statutory right. We hold neither the consent agreement nor the decree of divorce is facially void.

The facts are uncontested. The parties were divorced on October 2, 1990. The parties entered into an agreement which was incorporated as part of the divorce decree. In the agreement, the parties recognized the wife had given up her education and career to help the husband obtain a medical degree. The parties agreed the wife would have custody of three of the four minor children. They also agreed the wife would not receive child support or support alimony but would receive a percentage of the husband's future income in lieu of property division. The agreement is specific and contains numerous details related to the divorce.

In October 1992, the husband filed a motion to vacate the decree. The trial court denied the husband's motion. The husband appealed and the Court of Appeals vacated the provisions awarding the wife a percentage of the husband's future income. The Court of Appeals opined that the decree does not state the husband voluntarily waived a statutory right, and, therefore, the decree is void on its face. This Court granted certiorari.

The husband is seeking to have the decree set aside based on section 1038 of title 12. Section 1038 places a time limit on the power of the court to vacate a judgment unless the judgment is void. A void judgment can be attacked at any time. A judgment is not void unless on the face of the record, it appears "the court rendering the judgment lacked (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, or (3) jurisdictional power to render the particular judgment rendered." *Scoufos v. Fuller*, 280 P.2d 720, 723 (Okla.1954). No extrinsic evidence of the lack of jurisdiction is permitted. *Id.*

The husband argues the trial court did not have the jurisdictional power to divide his future earnings because the consent agreement did not contain an express waiver of his rights even though he consented to the division. In *Ettinger v. Ettinger*, 637 P.2d 63, 65 (Okla.1981), this Court held that under section 1278 of title 12 of the Oklahoma Statutes (now Okla.Stat.tit. 43, § 121), a district court did not have jurisdiction to divide a husband's future earning absent a recitation in the decree the parties intended to circumvent the statute. The Court, however, recognized that where the parties had entered into a consent agreement which sought to avoid the strictures of the statute, the district court would have jurisdiction to enter such an order. Further, an express waiver of statutory rights in the consent decree was not required, only an agreement "which seeks to avoid the strictures of Section 1278." *Id.*

This rule reiterates this court's holding in *Perry v. Perry*, 551 P.2d 256 (Okla.1976). In *Perry*, this Court stated parties to a divorce can "contract for the disposition of their property and for alimony and support." Additionally, the parties by contract may do exactly what the trial court is prohibited from doing. *Id.* at 257. This Court held "where a husband and wife, in contemplation of a divorce, enter into an agreement," they waive those statutory rights which are inconsistent with the terms of the decree. *Id.* at 258. The agreement in *Perry* contained a statement that the parties were contracting "notwithstanding provisions of the statute to the contrary." However, this statement was not necessary to the Court's holding.

In *Mills v. Mills*, 512 P.2d 143 (1973), the parties entered into an agreement to divide the property in less than a fee simple estate. Section 1278 of title 12 prohibited the court from entering such an division. The husband argued that the judgment was void because it conflicted with the section 1278. This Court held that where the parties entered into a property settlement agreement, they had waived their right to complain. *Id.* at 149.

Both parties rely on *Hubbard v. Hubbard*, 603 P.2d 747 (Okla.1979). The wife relies on *Hubbard* for the award of future income. The husband relies on *Hubbard* for the proposition that a court cannot make an award of future income. *Hubbard* is distinguishable from the present case. The parties in *Hubbard* had not entered into an agreement. Further, *Hubbard* was an appeal, not a collateral attack on the judgment.

The husband has not cited to any authority which holds that lack of an express waiver of a statutory right renders a contract void. The husband is seeking to admit extrinsic evidence that he did not knowingly waive his statutory rights. For a judgment to be collaterally attacked, it must be void on its face. *Scoufos*, 280 P.2d at 723. There is nothing on the face of the decree which shows that it is void. Therefore, it cannot be collaterally attacked.

For the above reasons, the opinion of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT AFFIRMED.

WILSON, C.J., and HODGES, OPALA, SUMMERS and WATT, JJ., concur.

SIMMS, J., concurs in result.

KAUGER, V.C.J., and LAVENDER and HARGRAVE, JJ., dissent.