**Beatrice Carr STUART, Appellee,**

v.

**Robert Terry STUART, Jr., Appellant.**

**No. 46851.**

Supreme Court of Oklahoma.

July 27, 1976.

Rehearing Denied Oct. 26, 1976.

612

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, by V. P. Crowe, Clyde A. Muchmore, Jim K. Goodman, Oklahoma City, for appellee.

Tomerlin & High, by Jack High and Granville Tomerlin, Oklahoma City, for appellant.

BARNES, Justice.

Appellant, Robert Terry Stuart, Jr., filed an application to terminate alimony payments on the ground that the Appellee, Beatrice Carr Stuart, had remarried and that Appellee had not made application to the court within ninety days thereafter for a determination that support was still needed and that circumstances had not rendered payment of the same inequitable. The trial court overruled the application of the Appellant to terminate support payments by reason of Appellee's remarriage on the ground that the decree of divorce was a consent judgment which could not be modified without the agreement of both parties. The trial court further found that Appellant's continued payment of alimony installments for a period of 39 months after he knew of Appellee's remarriage estopped Appellant from asserting that the decree should now be modified, or that he should be relieved from making such payments. Appellant appealed said ruling.

The basic question for determination is whether the provisions of Title 12 O.S.1971 § 1289(b) are mandatory as to termination of support alimony payments where the trial court did not include in the divorce decree the statutory language regarding termination of support payments upon Appellee's death or remarriage and the agreement upon which the divorce property settlement is based did not contemplate or provide for termination of payments upon Appellee's death or remarriage.

Title 12 O.S.1971 § 1289(b) provides in pertinent part:

"(b) In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the Court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property.

" * * * The Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the Court shall, upon proper application, order the support judgment terminated and the lien thereof discharged. Laws 1965, c. 344, § 1. [Amended by] Laws 1967, c. 328, § 1; Laws 1968, c. 161, § 1, Emerg. eff. April 11, 1968."

The pertinent provisions of the Divorce Decree entered by the trial judge are as follows:

"IT IS FURTHER ORDERED that the plaintiff is entitled to be paid *alimony, maintenance and support* in the total amount of Four Hundred Eighty Thousand Dollars ($480,000.00), payment to be at the rate of One Thousand Dollars ($1,000.00) on the 1st day of January, 1969, One Thousand Dollars on the 15th day of January, 1969, and a like amount on the 1st and 15th of each calendar month for a total period of twenty years; and it is further ordered that the alimony,

maintenance and support payments shall not become a judgment such as would constitute a lien against any of the property of the defendant until and unless the defendant becomes delinquent in one or more payments; and it is further ordered that this judgment not be placed upon the judgment docket until and unless the defendant should become delinquent in the payments thereafter.

\*    \*    \*    \*    \*    \*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the written Property Settlement Agreement dated the 4th day of November, 1968, whereby the parties have settled all their property rights, is fair, just, and equitable and the same is hereby ordered approved and incorporated herein by reference, granting the parties the right to withdraw the same from the Court files after due filing thereof is noted upon the appearance docket." (Emphasis supplied)

The applicable portions of the Property Settlement Agreement provide:

"7. Second party agrees to pay first party for alimony the sum of Four Hundred Eighty Thousand Dollars ($480,-000.00), payable at the rate of One Thousand Dollars ($1,000.00) on the 1st and One Thousand Dollars ($1,000.00) on the 15th of each calendar month for a period of twenty (20) years.

\*    \*    \*    \*    \*    \*

"14. Both parties agree that in the event a Divorce is obtained, that this Agreement may be presented to the Judge of the Court having jurisdiction over said Divorce action for his approval, and incorporation in the Decree if desired.

\*    \*    \*    \*    \*    \*

"THIS AGREEMENT constitutes a complete and full settlement of property settlement, alimony, maintenance, and support, and property division of the parties."

The Appellant contends that the Court erred: (1) in finding that the divorce decree was a consent judgment or decree, and (2) in finding that the Appellant is estopped from asserting or claiming that the decree fixing said alimony payments should be modified, or that he should be relieved from making such payments.

Appellee argues the divorce decree herein cannot be modified except with consent of both parties, as it is a consent decree entered upon and pursuant to a written property settlement agreement between the parties and was not a decree entered by the Court of its own determination pursuant to 12 O.S. § 1289(b).

In support of her contention she cites *Clement v. Ferguson*, 287 P.2d 207 (Okl. 1955), which held that whether a judgment is one obtained by consent of the parties must appear from the face of the record.

Appellant contends that the record evidence gives little, if any, support to Appellee's claim that the decree was a consent decree. On the other hand, Appellee takes the position that the evidence in the record of this case, including the Decree of Divorce, the Property Settlement Agreement, the pleadings, and the transcript of the hearing, is sufficient to support the trial court's finding that the decree was a consent decree and, thus, cannot be modified.

47 Am.Jur.2d, Judgments, § 1084, Form, extent, and content, states:

"As a general rule, a judgment to the rendition of which the parties have agreed *should show on its face that it was entered by consent, but* such a showing is not indispensable, and *the fact may be established by other evidence.*" (Emphasis supplied)

The trial court's finding that the divorce decree was a consent judgment or decree is amply supported by the evidence in the record. The Decree of Divorce recited that both parties were present in open court and represented by counsel and that the court questioned both parties concerning the Property Settlement Agreement and approved and incorporated the same in the Decree of Divorce. The decree was signed

by both parties and their respective counsel. No exceptions were taken by either party at the time the decree was entered.

It is important to note that no evidence indicates the property of the parties herein was ever enumerated to the trial court. On the contrary, the record shows that the Divorce Decree entered by the trial judge incorporates by reference the over-all division of property contained in the Property Settlement Agreement, and the decree is identical thereto.

The Court in *Stanfield v. Stanfield*, 22 Okl. 574, 98 P. 334 (1908), 61 A.L.R.3d 561, held that where alimony is adjudged to the wife in accordance with an agreement of the parties, duly entered into and made a part of the decree, the same, unaffected by fraud or mistake, is not subject to modification after the term at which the original decree was made.

■ If an agreement between the parties on the matter of support and maintenance is intended as final and binding, leaving nothing for the determination of the court on the question of the amount of the allowance, a decree in accordance therewith is not subject to modification without the consent of both parties thereto. See *Dickey v. Dickey*, 154 Md. 675, 141 A. 387 (1928); *Emerson v. Emerson*, 120 Md. 584, 87 A. 1033 (1913); *Allcorn v. Allcorn*, Mo. App., 241 S.W.2d 806 (1951); *Tracy v. Tracy*, Mo.App., 205 S.W.2d 947 (1947); and cases cited at 27A C.J.S. Divorce § 238, Note 80.25, et seq.

■ In our opinion the trial court correctly construed the nature of the decree here involved. We find the above reasoning compelling, and conclude that the record evidence is sufficient to support a finding that the Divorce Decree was a consent decree which cannot be modified.

■ We must now examine the Agreement to determine the intent of the parties with respect to the termination of alimony payments. We find no indication that the parties intended that it terminate on death or remarriage of the wife. It is significant that there is no language of terminability of the alimony payments in either the Property Settlement Agreement or in the Divorce Decree. If the parties had intended the payments to be terminable on death or remarriage of the Appellee, language to that effect would have been included in either the Agreement or Decree.

We also find the following factors to be persuasive in determining that the intent of the original agreement was that it not terminate on death or remarriage: (1) The Appellant husband testified that his net worth at the time of the divorce was approximately $4,300,000.00, and this estate was not inquired into or determined in the trial court; (2) the Appellant husband continued to pay the alimony installments regularly for three years after Appellee's remarriage, with knowledge of said remarriage, before raising the issue in the case at bar; (3) there were obvious favorable tax consequences to the Appellant husband in having said payments construed as alimony for support rather than alimony pertaining to property division; and (4) from a reading of the Property Settlement Agreement alone, it would appear that the parties regarded the $480,000.00 to be for alimony for property division. For example, the last paragraph of the Agreement provided that "THIS AGREEMENT constitutes a complete and full settlement of property settlement, alimony, maintenance, and support, and property division of the parties." Also, under paragraph 2, if the husband had died, the unpaid balance of $480,000.00 would be chargeable against his estate. If this were not intended as property settlement, the Appellee received very little in the way of division of property after being married seventeen years to a man of considerable wealth and bearing his four children. In our opinion, the Journal Entry of Judgment was not intended to change or modify the substantial rights of the parties under the Property Settlement Agreement. As a matter of fact, the Court found in the Journal Entry of Judgment that the Property Settlement

Agreement was " . . . fair, just and equitable and is hereby approved and should be incorporated in this Decree by reference. . . ."

It is contended by Appellant that the provision in 12 O.S. § 1289(b), relating to termination of support alimony on death or remarriage of the wife, should be read into the decree. This might be true if this were not a consent decree, but we have heretofore found that it was the intent of the consent decree that support alimony provided for therein should not terminate on death or remarriage of the wife.

The Tenth Circuit Court said in *Butler v. Denton*, 150 F.2d 687 (1945):

"* * * The purpose and function of construing doubtful provisions in a judgment is to bring out and give effect to that which is already latently in the judgment. But a court has no warrant in the course of construing provisions of that kind to add new provisions, substantive or otherwise, which were omitted or withheld in the first instance."

Thus, in construing the Decree of Divorce involved in this case to provide for termination of the alimony payments, as suggested by Appellant, the Court would of necessity have to imply into the original Agreement and Decree incorporating said Agreement therein a provision omitted therefrom. We believe the trial court properly refrained from recognizing such an implication.

■ Appellant's final contention is that the trial court erred in admitting evidence on behalf of the Appellee as to the value of the properties owned by Appellant at the time the Divorce Decree was entered, for the reason that the same was incompetent, irrelevant, and immaterial. He asserts that the purpose for· which such evidence was offered by Appellee was to show that Appellant owned substantial properties at the time of the divorce and that the support alimony awarded by the Divorce Decree was not support alimony, but was alimony in lieu of property division.

In explanation, Appellee's attorney stated the proffered testimony was introduced solely for the purpose of determining exactly what the husband received pursuant to the Decree of Divorce. We believe the trial court was correct in admitting it for this purpose.

In view of the foregoing, we conclude that the wooden and mechanical application of § 1289(b), which is prayed for by the Appellant in this appeal, is not necessary to effectuate the intended purpose of § 1289(b) and is inconsistent with the intent of the parties herein and the duty of this Court to ascertain the equities of the case and render justice accordingly.

■ We hold the provisions of 12 O.S. 1971 § 1289(b) are not mandatory as to termination of support alimony payments where it is a consent decree and it was the intent of the parties in their agreement, and in the decree incorporating that agreement, that payments not terminate on death or remarriage of the wife.

In view of our holding herein, we deem it unnecessary to discuss the alleged error of the trial court regarding the application of estoppel theory.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., DAVISON, J., and ROMANG, Special Justice, concur.

SIMMS, J., concurs specially.

HODGES, V. C. J., and IRWIN, LAVENDER and DOOLIN, JJ., dissent.

The Honorable RICHARD E. ROMANG was assigned to act as a Special Justice in this case instead of the Honorable WILLIAM A. BERRY, who certified his disqualification.

SIMMS, Justice (specially concurring):

I concur specially in this case by reason of a clear distinction in *Perry v. Perry*, Okl., 551 P.2d 256, and the case at bar.

In *Perry*, this Court was pointedly treating the issue of termination of *alimony*

*for support.* I joined in the view that the parties could not contract in contravention of legislatively established public policy, nor could a trial judge validly approve such an agreement. Neither could the trial court include in its decree a written proviso contrary to the provisions of 12 O.S.1971, § 1289(b). I respectfully still adhere to that view.

However, in the instant case, we are not dealing with the clear award of alimony for support, only. By the express provisions of the property settlement and agreement, the award was lumped into the category of *"property settlement,* alimony, maintenance, and support, and *property division* of the parties". In this case, the Divorce Decree referred to the award as "alimony, maintenance and support," not alimony as or for support and maintenance. The Decree is silent as to the termination provisions in § 1289(b), supra.

It is submitted that the award of alimony in this case was by all parties intended to be primarily by way of division of property, and the insertion of the language "support and maintenance" was surplusage as not being the primary intent of the parties in contracting nor the trial court in entering its Decree.

In essence, it is respectfully submitted that in *Perry,* we dealt with alimony exclusively for support which is terminable, while here, we review attempted termination of division of property, not permissively terminable.

I therefor Concur Specially.

IRWIN, Justice (dissenting).

I feel compelled to express my views concerning the difference between this case and *Perry v. Perry,* Okl., 551 P.2d 256 (1976).

In *Perry,* the divorce decree contained this proviso:

"It is further provided that pursuant to the agreement of the parties that said alimony payments shall not be dischargeable other than upon the death of the plaintiff herein (wife) notwithstanding provisions of the statute to the contrary."

In *Perry* we held that where a husband and wife, in contemplation of a divorce, enter into an agreement concerning the termination of alimony for support, and that agreement is subsequently incorporated into the divorce decree, they waive those rights granted them under 12 O.S.1971, § 1289(b) which are inconsistent with the terms of the decree.

In the case at bar the property settlement agreement was incorporated and merged into the divorce decree but the divorce decree did not designate the $480,000.00 as a division of property but specifically designated it as alimony for support and maintenance. However, the divorce decree was silent concerning whether or not it would terminate upon remarriage of the wife.

Therefore, in *Perry* we considered a divorce decree specifically providing that the alimony payments for support would not terminate upon remarriage of the wife; and in the case at bar the divorce decree is silent concerning whether the alimony for support would terminate upon remarriage.

Courts may not be divested of their jurisdiction by contracts of the parties. The rights of the parties under a property settlement agreement which is incorporated into a divorce decree merge into a decree. The property settlement is extinguished and the rights of the parties no longer are based on contractual rights. Rights become determinable and enforceable based upon the judgment and decree and not upon the agreement of the parties. *Mills v. Mills,* Okl., 512 P.2d 143, 146 (1973); *Hicks v. Hicks,* Okl., 417 P.2d 830 (1966); *Phillips v. Phillips,* 93 Idaho 384, 462 P.2d 49, 53 (1969).

In my opinion, the termination provisions of 12 O.S.1971, § 1289(b) are operative in the case at bar and I respectfully dissent.

HODGES, Vice Chief Justice (dissenting).

Notwithstanding the recent case of *Perry v. Perry,* 47 OBJ 1106, 551 P.2d 256 (Okl.

1976), to the contrary, I dissent to the majority's interpretation of 12 O.S.1971 § 1289(b), which holds the statute is not mandatory as to termination of support alimony payments where there is an agreement and consent decree that alimony payments do not terminate on death or remarriage of the wife.

Prior to 1965, alimony judgments were considered to be final judgments. This fixed rule of construction of 12 O.S.1931 § 1278 was recognized in *Gilcrease v. Gilcrease,* 186 Okl. 451, 98 P.2d 906, 907, 127 A.L.R. 735 (1940):

"We conclude that each judgment for alimony to the wife upon the granting of a divorce should be measured by the same rules as to finality, and that in no case does the husband have a right to modification of an alimony judgment, after the same has become final on account of the remarriage of his wife to another man."

The legislature recognized the inequity of this situation, and enacted 12 Okl.Supp.1965 § 1289 which provided:

"In a divorce decree which provides for periodic payments of alimony, the Court may, in its discretion, declare that the obligation to pay future installments automatically ceases on the death or re-marriage of the person receiving alimony."

The statute was amended by 12 Okl. Supp.1967 § 1289 and it has remained unchanged since that time. Under this statute, it is the mandatory duty of the court to provide in the divorce decree that the alimony judgment terminated upon remarriage unless a proper showing of equitable necessity was presented to the court within ninety (90) days. Failure to include this language does not change the application or clear intent of the statute. Termination of the alimony judgment was obligatory pursuant to the statute, in the absence of the permitted exceptions. The statute, 12 O.S. 1971 § 1289,[1] provides support payments *shall* terminate unless the recipient *shall* commence an action for their continuance within ninety (90) days.

In the construction of statutes the word "shall" normally implies a command or mandate depending upon the construction of the statute as a whole and the intention of the legislature. *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666, 668 (Okl.1973).

The duty devolved not only upon the court to terminate the alimony, but upon the spouse to show a necessity for the continuance of support within ninety (90) days

---

[1] 12 O.S.1971 § 1289 presently provides:

"(a) In a divorce decree which provides for periodic payments of alimony, the Court may, in its discretion, declare that the obligation to pay future installments automatically ceases on the death or remarriage of the person receiving the alimony. This subsection shall not apply to divorce decrees entered after December 31, 1967.

"(b) *In any divorce decree* entered after December 31, 1967, which provides for periodic alimony payments, the Court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable. Upon the presentation of proper proof of the death of such recipient, the Court shall order the judgment for support to be terminated, and the lien thereof released unless a proper claim shall be made for any past due support payments by any executor, administrator or heir within ninety (90) days from the date of death of the recipient. *The Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the Court shall, upon proper application, order the support judgment terminated and the lien thereof discharged.* (Emphasis Supplied)

to prevent termination of the alimony judgment. See dissenting opinion, *Perry v. Perry*, supra.

A very clear picture of legislative history and intent is thus revealed. Alimony judgments have undergone a metamorphosis from judgments of absolute finality, regardless of death or remarriage; to judgments which may terminate upon death or remarriage at the discretion of the court; to judgments which mandatorily terminate on death and remarriage unless a proper showing is made that support is still needed and payment is not inequitable within ninety (90) days of remarriage.

The law imposes a duty on a second husband to support a wife. Husband and wife contract towards each other obligations of mutual respect, fidelity and *support*. 32 O.S.1971 § 3. A new marital contract supposedly excludes dependence on an old spouse for these obligations. This obligation is recognized by 12 O.S.1971 § 1289(b). It is presumed that when one remarries the new spouse becomes obligated for support and maintenance. It is unreasonable to permit one to benefit from that right and to demand alimony from a former spouse at the same time, thus enjoying an economic polyandry.

I also dissent on the grounds that the present case can be readily distinguishable from the facts in the *Perry* case. There the agreement of the parties specifically provided that termination of alimony payments was only dischargeable upon death of the wife, notwithstanding the provisions of 12 O.S.1971 § 1289(b) to the contrary. In the present case the agreement of the parties is silent as to the termination of alimony. If the agreement and decree of divorce are silent on matters mandated by statute, then the statute should be read into the decree as a part thereof.

If the agreement as to termination of alimony is allowed to supersede the statute, then, at least, we should require the agreement to be specific and expressed. In absence of a specific provision, then the statute on termination of alimony should prevail.

I am authorized to state that Justice DOOLIN concurs in the views herein expressed.