**James Dan BATCHELOR, Appellant,**

v.

**Nancy Louise BATCHELOR, Appellee.**

**No. 50772.**

Supreme Court of Oklahoma.

Oct. 17, 1978.

---

Robert S. Baker and Jerry L. Salyer, Oklahoma City, for appellant.

Arnold D. Fagin, Warner E. Lovell, Jr., Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellee.

BARNES, Justice:

Here, the parties entered into a Property Settlement and Support Agreement which was incorporated by reference into the Decree of Divorce. The pertinent provisions of the Property Settlement and Support Agreement are:

"Whereas, it is the desire of said parties finally and for all time to settle and determine their respective property rights together with any and all other rights and claims now existing, or which might exist, including the right to future support of First Party by reason of the marriage relationship.

\* \* \* \* \* \*

"III. *SHARE OF FIRST PARTY*

It is hereby agreed that the said First Party shall receive as her full share of the property the following, which First Party hereby accepts as a fair and equitable property settlement:

\* \* \* \* \* \*

"V. *PERIODIC PAYMENTS*

Second Party shall pay to First Party, Twenty-Four Thousand Two Hundred Dollars ($24,200) as support, over and above the property settlement, to be paid as follows:

\* \* \* \* \* \*

"VIII. *COMPLETENESS*

The legal and practical effects of this Agreement in each and every respect and the financial status of the parties have been fully explained to the parties, and each party acknowledges that this is a

fair Agreement and is not the result of any duress or undue influence by either party upon the other or by any person or persons upon either party, and each party further agrees that *this Agreement contains the entire understanding of the parties and that there are no representations, promises, warranties, or covenants other than those expressly set forth herein.*

  *   *   *   *   *   *

"X. *DISCLOSURE*

Both parties recognize and admit that there has been a full and complete disclosure to one another of any and all assets owned by either or both of the parties to this Agreement." (Emphasis added)

The pertinent provision of the Decree of Divorce provided:

"III. That the parties hereto have approved and executed an Agreement entitled 'Property Settlement and Support Agreement', whereby they have settled their mutual claims concerning the division of jointly-acquired property, both real and personal, of which either or both of them are seized, possessed, or owned, support, separately-owned property, and payment of the debts of the parties. This signed Agreement has been presented to this Court and examined and this Court finds that the said 'Property Settlement and Support Agreement' is fair and reasonable, and the same is hereby approved and adopted."

It is to be noted that no mention was made concerning remarriage of the wife

and its effect on the payment of support alimony. The Appellee remarried, and the Appellant terminated his support payments.

The Appellee then brought this action in the District Court to force the Appellant to continue making the support payments provided by Paragraph V of the Agreement, but Appellee took no action within ninety days, under 12 O.S.Supp.1976, § 1289(B),[1] for a determination that support was still needed.

The Trial Court found in favor of the Appellee and ordered to the Appellant to resume support payments. The Appellant then brought this appeal from the Trial Court's order.

The sole issue presented is whether a consent divorce decree, which clearly distinguishes support payments from property settlement, is subject to the termination-of-support-on-remarriage provisions of 12 O.S. Supp.1976, § 1289(B), where there was no waiver of the statute by the parties. The Trial Court held that where a consent decree provides for periodic payments for support, said payments do not terminate upon remarriage of the recipient in the absence of a provision for their termination in the agreement or decree of divorce.

The Trial Court and the Appellee rely on *Stuart v. Stuart*, 555 P.2d 611 (Okl.1976), while the Appellant contends that *Stuart, supra,* is not applicable.

We agree with the Appellant that *Stuart, supra,* is distinguishable, and that the support payments should have been terminated by the Trial Court.

---

1. 12 O.S.Supp.1976, § 1289(B), provides:

"B. In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable. Upon the presentation of proper proof of death of such recipient, the court shall order the judgment for support to

be terminated, and the lien thereof released unless a proper claim shall be made for any past due support payments by any executor, administrator or heir within ninety (90) days from the date of death of the recipient. The court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the court shall, upon proper application, order the support judgment terminated and the lien thereof discharged."

In *Stuart, supra,* the Property Settlement Agreement did *not* designate whether the alimony payment, or any portion thereof, was support alimony or alimony in lieu of property division. In the case before us, there was no such ambiguity—the alimony involved was clearly designated as support alimony. Because of the ambiguity present in the *Stuart* case, it was necessary for the Court to determine the intent of the parties by *going beyond the four corners of the* instrument involved. In that case, the majority of the Court found that under the circumstances in that case, it was the intent of the parties that the sums involved were intended to be alimony payments in lieu of property division, and thus *not* subject to termination upon remarriage.

In the case before us, however, the intent of the parties was clearly and unambiguously expressed in the instrument. Thus, there is no necessity to resort to other evidence to determine the parties' intent. The documents involved spoke for themselves; they clearly expressed the intent of the parties to designate and treat the payments involved as *support* alimony. This being the case, there being no provision in the documents providing that payments would not terminate on remarriage, the termination provisions of 12 O.S.Supp.1976, § 1289(B), apply, and the support payments terminate in accordance with the provisions of that statute.

Lastly, we would note that our holding in *Stuart v. Stuart, supra,* and the procedure used in that case, and evidence examined to determine the intent of the parties, are inapplicable in cases in which the intent of the parties, with respect to designation of alimony as support or alimony in lieu of property division, is unambiguously expressed in the Property Settlement Agreement and the consent Decree.

For the above stated reasons, we hold that where a consent Decree incorporates a property Agreement of the parties, providing for the payment of a specific amount over a fixed period of time, designating such payments as *support,* the support payments come under the provisions of 12 O.S.Supp.1976, subsection 1289(B), and are terminable in accordance with that statute, unless the instruments clearly express otherwise. As the instruments in the case before us clearly designated the payments involved as support payments, and as the instruments contain no provisions to the contrary, we hold that (1) the support payments involved terminate in accordance with the provisions of 12 O.S.Supp.1976, § 1289(B), and (2) that the Trial Court committed reversible error in ruling otherwise. Accordingly, we reverse the Trial Court and hold that the support payments involved did terminate.

REVERSED.

LAVENDER, V. C. J., and WILLIAMS, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., dissents.