Nellie Atkins ARMSTRONG, Counter-
claimant/Cross-petitioner—Appellant,

v.

TRUSTEES OF the HAMILTON INVEST-
MENT TRUST; Broken Arrow Mall,
Inc.; Abercrombie, Pedigo & Smith,
Inc.; Maple Leaf Apartments, Ltd.;
Young & Latch Investments; Robert L.
Latch; First National Bank and Trust
Company of Tulsa; and Firstul Mort-
gage Company, Defendants on counter-
claim and cross-petition—Appellees.

No. 57878.

Supreme Court of Oklahoma.

Feb. 22, 1983.

C. Rabon Martin, Tulsa, for appellant.

W. Michael Hill, Tulsa, Monty L. Bratcher, Oklahoma City, for appellee, Hamilton Inv. Trust.

Robert H. Tips, Tulsa, for appellee, Broken Arrow Mall, Inc.; Abercrombie, Pedigo & Smith, Inc.; and Maple Leaf Apartments, Ltd.

Douglas L. Inhofe, Tulsa, for appellee, Young & Latch Investments; Robert L. Latch; First Nat. Bank and Trust Co. of Tulsa; and Firstul Mortg. Co.

Baker, Logsdon & Phelps, Kingfisher, for M.R. Wilmot, Inc.

Royce H. Savage, Tulsa, for appellee, Sackman-Gilliland Corp.

## MEMORANDUM OPINION

OPALA, Justice:

This appeal was originally brought by petition-in-error filed December 21, 1981. By that petition appellant tendered for review (1) the September 2, 1981 order of the trial court by which appellant's cross-petition and counterclaim in the action were dismissed as to three defendants in the case, namely Abercrombie, Pedigo and Smith, Inc., a corporation, Broken Arrow Mall, Inc., a corporation, and Maple Leaf Apartments, Ltd., a limited partnership, and (2) the November 23, 1981 summary judgment against appellant, rendered on motion made by the remaining parties to her counterclaim and cross-petition. After the appeal was commenced, the trial court entertained, on March 29, 1982, a proceeding to settle the journal entry. This proceeding was instituted by appellant's February 3, 1982 motion, by which she sought to have the court determine that November 23, 1981, rather than September 2, 1981, was the correct date from whence her appeal time commenced to run for review of both trial court rulings. During the settlement hearing counsel for the appellant urged it was his understanding that the judge would consider the two rulings—one on the plea to the jurisdiction and the other on the summary judgment motion—as having been made the same day (November 23, 1981) so that the time to appeal from both decisions would run concurrently. The trial judge declined to settle the journal entry in accordance with appellant's proposed amendments. By her amended petition-in-error of April 28, 1982, appellant undertook to bring for review—in addition to the two decisions of September 2, 1981 and of November 23, 1981 which were previously tendered by her original petition-in-error—the March 29, 1982 refusal of the trial judge to amend the record by making both rulings take effect concurrently (as of November 23, 1981) as well as the trial court's order directing appellant to post a $3,000,000 supersedeas

bond as a "prerequisite" to her prosecution of this appeal.

Three parties-appellee—Abercrombie, Pedigo and Smith, Inc., Broken Arrow Mall, Inc. and Maple Leaf Apartments, Ltd.—moved to dismiss this appeal because its commencement on December 21, 1981 was more than thirty days after the trial court sustained their plea to the jurisdiction and motion to quash on September 2, 1981.

The motion to dismiss implicitly raises for our resolution three separate issues. (1) Was the amended petition-in-error, filed April 28, 1982, timely to bring for review the March 29, 1982 refusal of the trial judge to make, by *nunc pro tunc* amendment, November 23, 1981 the effective date for both rulings to be reviewed? and if so, is the March 29, 1982 refusal reviewable? (2) Assuming that the March 29, 1982 ruling *is* reviewable and *is* found to be correct, was the December 21, 1981 petition-in-error timely for review of the September 2, 1981 decision? and (3) Does the order directing appellant to post a $3,000,000 supersedeas bond as a "prerequisite to her [appellant's] prosecution of any appeal . . ." effectively bar her from proceeding further with any part of this appeal?

### I.

WAS THE AMENDED PETITION–IN–ERROR FILED TIMELY TO SECURE REVIEW OF THE TRIAL JUDGE'S REFUSAL TO MAKE THE RECORD CONFORM TO THE APPELLANT'S UNDERSTANDING OF THE EFFECTIVE DATE FOR THE TWO DECISIONS SOUGHT TO BE REVIEWED?

■ A trial court's decision in a postjudgment contest over a *nunc pro tunc* amendment of the record to make it speak the truth constitutes an appealable disposition. *Stevens Expert Cleaners & Dyers v. Stevens,* Okl., 267 P.2d 998, 1001 [1954]. The application for settlement of journal entry was essentially a dispute over a *nunc*

*pro tunc* amendment of the court record. The disposition was made March 29, 1982. The amended petition-in-error, brought here April 28, 1982, was hence filed within the statutory thirty-day period prescribed by 12 O.S.1981 § 990.[1]

■ The court's appearance docket and all the record entries revealed clearly that the two rulings in question were rendered on September 2 and November 23. There was *nothing* before the court to contradict these dates except counsel's own statements as to his "understanding". Neither testimonial nor documentary evidence was offered in support of appellant's version of the chronology to be followed. While the judge did concede that the appellant might have felt "misled" or "confused", he declared he was powerless to change the date of his rulings because the decisions in question were in fact made as reflected in the court files. Because the court record and the clerk's files were all consistent with the trial judge's ruling on the settlement application, we cannot disturb his refusal to settle the journal entry in the manner proposed by appellant's counsel. Cf. *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332 [1981].

### II.

WAS THE DECEMBER 21, 1981 PETITION–IN–ERROR TIMELY FOR REVIEW OF THE SEPTEMBER 2, 1981 DECISION?

■ The September 2, 1981 order granting the plea to the jurisdiction and motion to quash made by appellees Abercrombie, Pedigo and Smith, Inc., Broken Arrow Mall, Inc. and Maple Leaf Apartments, Ltd., who are the three movants for dismissal hereof, was a final, appealable disposition. The appellant's December 21, 1981 petition-in-error was brought here more than thirty days from that order. The September 2, 1981 decision is hence beyond the reach of

---

1. The trial judge's refusal to amend the record needed for appellate review, effected while the moving party's appeal was pending here, could also be reviewed, on motion, as an *ancillary*

issue on appeal. *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332 [1981] and *Jones v. Jones,* Okl., 612 P.2d 266, 268 [1980].

our reviewing cognizance. 12 O.S.1981 § 990.

### III.

### MAY THIS APPELLANT BE REQUIRED TO POST A SUPERSEDEAS BOND AS A PREREQUISITE TO HER PROSECUTION OF THE APPEAL?[2]

Following the settlement hearing the trial judge ordered, on March 29, 1982, that appellant post a $3,000,000 supersedeas bond as a "prerequisite" to her prosecution "of any appeal" in this case. Supersedeas is not a jurisdictional requirement. An appeal to review a district court decision may be prosecuted in this court without posting an undertaking. *Nicholson v. State,* 132 Okl. 298, 270 P. 567 [1928] and *In re Rettenmeyer's Estate,* Okl., 345 P.2d 872 [1959].

The appellant's petition-in-error was timely to tender for review the November 23, 1981 summary judgment, and the appeal may proceed for corrective relief from that decision only. The order directing appellant to post supersedeas bond is held ineffective and appellant is relieved of having to comply therewith. Insofar as appellant seeks review of the September 2, 1981 order, the appeal stands dismissed.

BARNES, C.J., SIMMS, V.C.J., and HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

---

**2.** The relief sought by appellant from the trial court's supersedeas bond requirement is treated here as an issue *ancillary* to the appeal.

*Tisdale v. Wheeler Bros. Grain Co.,* Okl., 599 P.2d 1104, 1107 [1979].