George Mitchell HILL, Appellant,

v.

Sharon Kay HILL, Appellee.

No. 74393.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 22, 1991.

William R. Mayo, Siloam Springs, Ark., for appellant.

Rex Earl Starr, Stilwell, for appellee.

## OPINION

**HUNTER, Chief Judge:**

This is an appeal by Appellant-husband from the trial court's order granting Wife a $1,995 attorney fee. In addition, Appellant purports to appeal from the property division in the decree of divorce. We find that we lack jurisdiction to hear either aspect of this appeal.

### I.

■ The only record reference to the attorney fee award is the court minute prepared by the clerk, but not signed by the trial judge. We noted this deficiency in our Order of August 14, 1991, and directed Appellant to correct it, or show cause why his appeal should not be dismissed.[1] Appellant was required to respond within 20 days from the date of the Order. That date was September 3, 1991.

Appellant did not respond to our August 14, 1991 Order within the time required. On September 30, 1991, 27 days out of time, Appellant filed an Amended Petition in Error. Appellant's Amended Petition in Error did not comply with our Order as it did not attach a journal entry memorializing the trial court's attorney fee award. In any event, Appellant filed it 27 days out of time without obtaining leave of this Court to do so. After the brief in chief is filed, an amended petition in error may be filed only with leave of court. Rule 1.17 *Rules of Appellate Procedure in Civil Cases.*

12 O.S.1985 Supp. § 32.2 governs this appeal. It states, in material part:

A recorded written order, judgment or decree signed by the court is a jurisdictional prerequisite to appellate review.

The Supreme Court construed § 32.2 in *Johnson v. Johnson,* 674 P.2d 539 (Okl. 1983). The court held in *Johnson* that, for the court to have jurisdiction,

The record would have to contain a memorial of the judgment, from which the appeal is prosecuted, when the case is reached for consideration on review.

We lack jurisdiction to determine the attorney fee matter. Appellant failed to obey our August 14, 1991 order by attaching a journal entry memorializing the attorney fee order of October 20, 1989.

### II.

■ Appellant purports to appeal from the property division made by the trial court in the decree of divorce. Appellant, however, failed to invoke our jurisdiction to hear that matter.

■ The trial court entered the decree of divorce August 22, 1989. Appellant filed his Petition in Error nearly three months later, on November 20, 1989. 12 O.S.1981 § 990 provides:

An appeal to the Supreme Court may be commenced from an appealable disposition of a court or tribunal by filing with the Clerk of the Supreme Court a petition in error, within thirty (30) days from the date of the final order or judgment sought to be reviewed.

This Court, lacks jurisdiction to review an order entered more than thirty days before the filing of the Petition in Error. *Armstrong v. Trustees of Hamilton Inv. Trust,* 667 P.2d 985, 987–88 (Okl.1983). The trial court entered the divorce decree here more than thirty days before Appellant filed his Petition in Error. We, therefore, lack jurisdiction to consider Appellant's appeal on this issue.

**APPEAL DISMISSED.**

**HANSEN, P.J., and JONES, J., concur.**

---

1. Our Order of August 14, 1991 stated in material part:

The Court notes that the Court Minute at page 45 of the Original Record granting appellee an attorney fee was not signed by the trial court.

Appellant is directed to file an amended petition in error, attaching a certified copy of an appropriate written order, judgment or decree, signed by the trial court and filed in the office of the district court clerk. If appellant fails to file such order judgment or decree, he is directed to show cause why this appeal should not be dismissed for lack of jurisdiction under 12 O.S.1985 Supp. § 32.2 ...