Wilford R. TATE, Appellant,

v.

Loretta M. TATE, Appellee.

No. 83707.

Supreme Court of Oklahoma.

Feb. 13, 1996.

Joe D. Tate, Oklahoma City, for Appellant.

John D. Boydston, Boydston & Reheard, Eufala, for Appellee.

OPALA, Justice.

Wilford R. Tate's [Tate] *amended petition in error* was brought February 10, 1995. That instrument seeks review of a post-decree property division order filed January 3, 1995. The amended petition hence came here *more than thirty days after that order's filing.*[1] The *dispositive issue* is whether the January 3, 1995 ruling is (1) a *modification* of a March 30, 1994 property division order or (2) an *ancillary* determination *intended* to be effective *solely during the pendency of*

---

1. The provisions of 12 O.S.Supp.1993 § 990A(A) require that an appeal be brought not later than 30 days after the decision is filed below.

*this appeal.* If it is the former, the appeal is late. If it is the latter, the appeal is timely. We view the terminal order sought to be reviewed in this case as a final, *separately appealable* post-decree *modification* of the underlying property division order,[2] and dismiss Tate's belated attempt *to secure our review of that order.*

# I

## CRITICAL FACTS

The parties' *marriage was dissolved* by a December 15, 1993 decree. A later (March 30, 1994) order *divided their property.*[3] Tate timely sought a new trial of the property division issues by motion filed on (Monday) April 11, 1994. He invoked this court's reviewing cognizance over that order by petition in error filed on June 10, 1994, which he *amended* on July 22. The new-trial motion was denied August 3, 1994.[4] On August 30, 1994 Tate brought a *second amended* petition in error. *On January 3, 1995 the trial court signed and filed an order "interpreting" its March 30, 1994 property division order.*[5] On *February 10, 1995,* more than 30 days *after* the January 3 order, Tate *filed an amended petition in error.*[6] In her response to *this*

instrument Tate's former wife *challenges the court's reviewing cognizance over the January 3, 1995 order.*

# II

## NISI PRIUS MODIFICATIONS OF EARLIER, PERMANENT ORDERS ARE SEPARATELY REVIEWABLE ONLY BY A TIMELY PRESENTED PETITION IN ERROR

██ Extant jurisprudence[7] teaches that, *during the term of an interspousal appellate contest,* a trial court *retains* power to make temporary adjustments of the parties' rights by orders to be in effect *pending the outcome of the appeal.*[8] Either the trial court or the appellate court may afford this relief,[9] and nisi prius orders made in the exercise of this broad jurisdictional rubric are reviewable as *ancillary* to the case on appeal, upon an aggrieved party's motion filed in this court.[10] The trial court's power to make these *provisional* arrangements during the pendency of an appeal is not invocable *for permanent modification of any previous rulings.*[11]

---

**2.** A post-judgment *modification* is appealable. *Chemco Products, Inc. v. Moley Produce Co.,* Okl., 615 P.2d 300, 301 (1980).

**3.** *See* Appendix "A".

**4.** *See* Appendix "B".

**5.** *See* Appendix "C".

**6.** This instrument is Tate's *third amended* petition in error.

**7.** *Harmon v. Harmon,* Okl., 770 P.2d 1, 3 (1988); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 727 (1986); *Wilks v. Wilks,* Okl., 632 P.2d 759, 763 (1981); *Jones v. Jones,* Okl., 612 P.2d 266, 267–268 (1980); *Cochran v. Rambo,* Okl., 484 P.2d 500, 501 (1971).

The terms of Rule 1.31(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2, provide in pertinent part:
"For the purposes to be stated the trial court *does* retain jurisdiction in the case after a petition-in-error has been filed in this court.
\* \* \* \* \* \*
(5) In matrimonial litigation, to ... issue orders affecting ... the property of the parties

*pending the appeal."* [citing *Jones, supra.*] (Emphasis added.)

**8.** *Jones, supra* note 7 at 267–268; *Tisdale v. Wheeler Bros. Grain Co., Inc.,* Okl., 599 P.2d 1104, 1106–1107 (1979).

**9.** *Wilks, supra* note 7 at 763. Indeed, mandamus will lie to *require* a trial court to exercise its jurisdiction pending appeal. *Blair v. District Ct. of Okl. Cty.,* Okl., 594 P.2d 367, 369 (1979).

**10.** *Chamberlin supra* note 7 at 727; *Armstrong v. Trustees of Hamilton Inv. Trust,* Okl., 667 P.2d 985, 987 n. 1 (1983). *See* the provisions of Rule 1.31(a)(5), *supra* note 7.

The terms of Rule 1.31(b), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2, provide in pertinent part:
"... [R]eview of any of the matters set forth in this Rule shall be by motion filed in the Supreme Court which shall be entertained in the principal appeal...." [citing *Armstrong, supra.*] (Emphasis added.)

**11.** "... [A] trial court has jurisdiction to [afford temporary relief] after judgment has been en-

After expiration of the 30–day jurisdictional time limit for filing an appeal *only* those *later* trial court actions are reviewable in the appeal which were *intended to be in effect and govern the parties' rights solely during the pendency of an appeal*—i.e., interim arrangements that will be in force *only* until the appeal's final outcome.[12] The word "modification" refers to a process by which new terms are sought to be added to a judgment or old ones changed, *even though the general purpose and legal effect of the decision may remain intact.*[13] The district court's January 3 order is a *modification.* This is so because it *expands* the content of the original adjudicated property division and its terms are dependent for their effect on the pendency of this appeal. That order patently *affects* the earlier, *permanent* nisi prius property division.[14] This court's appellate jurisdiction over that order's provisions could be invoked *only* by a *timely* filed *amended* petition in error. Because Tate's February 10, 1995 amended petition came *more* than thirty days *after* the January 3, 1995 appealable post-decree order in the cause, this court's cognizance over issues affected by the January 3 "adjustment" is barred.

**APPEAL DISMISSED INSOFAR AS IT SEEKS REVIEW OF THE JANUARY 3, 1995 TRIAL COURT ORDER "INTERPRETING" PROPERTY DIVISION.**

KAUGER, V.C.J., and SIMMS, HARGRAVE and WATT, JJ., concur.

HODGES, LAVENDER and SUMMERS, JJ., dissent.

tered in the lower court and while an appeal from the judgment is pending in the appellate court ... *provided only* that the ... issue is then a viable issue in the case *and not theretofore resolved by order of the trial court."* (Emphasis added.) *Harmon, supra* note 7 at 3.

12. *Jones, supra* note 7 at 267–268.

13. *Cartwright v. Atlas Chemical Industries, Inc.,* Okl., 623 P.2d 606, 610 (1981).

### APPENDIX A

IN THE DISTRICT COURT IN AND FOR PITTSBURG COUNTY
STATE OF OKLAHOMA

WILFORD R. TATE,

v.

LORETTA M. TATE,

D–93–264

### ORDER DIVIDING PROPERTY

The divorce was granted in this case and the attorneys have submitted briefs in connection with the distribution of property.

Pursuant to the antenuptial agreement the Court finds that the property listed by both parties is marital estate.

IT IS ORDERED that the following property is distributed to the plaintiff: the acres surrounding the home and lot, the 84 chevrolet, 72 chevrolet, tractor tiller and mower, pistol and shotgun, tape player, air jacks, tool box, testing equipment, miscellaneous tools, travel trailer, boats and cub tractor. Also distributed to the plaintiff: the garage and the appurtenances thereto and the certificate of deposit.

IT IS HEREBY ORDERED that the following is distributed to the defendant: the home and lot of the parties, the furniture and fixtures of the parties, plants, pots, tools and all of defendant's personal belongings. Parties to divide tapes by alternate choice.

This order is contemplated by the Court to be a final order in this case.

DATED THIS 30TH DAY OF MARCH, 1994.

/s/ Robert A. Layden
ROBERT A. LAYDEN,
DISTRICT JUDGE

XC: DEBORAH A. REHEARD

WARREN GOTCHER

14. The order in question (1) requires Tate to remove fences he had erected on his former wife's property and (2) awards Tate's former wife the waterline that runs from an adjacent lake to her house. *These provisions are absent from the earlier property division decree.* Compare Appendices "A" and "C".

APPENDIX B

IN THE DISTRICT COURT IN AND FOR
PITTSBURG COUNTY
STATE OF OKLAHOMA

WILFORD R. TATE, Plaintiff,

vs.

LORETTA M. TATE, Defendant.

Case No. JFD–93–264

*ORDER DENYING MOTION
FOR NEW TRIAL*

NOW on this 10th day of May, 1994, this matter having come before the Court on Plaintiff's Motion for New Trial or Reconsideration of Decree of Divorce, Joe D. Tate, Attorney for Plaintiff, and John D. Boydston, Attorney for Defendant, being present, and the Court having heard and considered the arguments of counsel and affidavits presented and being otherwise fully advised in the premises, it is therefore.

ORDERED that Plaintiff's Motion for a New Trial or Reconsideration of Decree of Divorce is hereby denied.

/s/ Robert A. Layden
JUDGE OF THE
DISTRICT COURT

APPENDIX C

IN THE DISTRICT COURT IN AND FOR
PITTSBURG COUNTY
STATE OF OKLAHOMA

WILFORD R. TATE, Plaintiff,

vs.

LORETTA M. TATE, Defendant.

Case No. D–93–264

*ORDER*

NOW ON THIS 19th day of December, 1994, this matter comes on to be heard on the Defendant's Motion to Interpret Court's Order and Amended Motion to Interpret Court's Order. The Plaintiff appears in person and with his attorney of record, Joe D. Tate of Douglas & Tate. The Defendant appears in person and with her attorney of record, Deborah A. Reheard of Boydston & Reheard.

WHEREAS the Court, having heard the testimony of witnesses sworn to testify and having reviewed the pleadings on file herein and being fully advised in the premises makes the following findings, orders and adjudications:

1. This Court has jurisdiction over the subject matter herein and the parties hereto.

2. It is necessary that this Court interpret its order of March 30, 1994 as to the division of property, both real and personal.

3. As to the award of real property to the parties, this Court intended that the Defendant receive the house and the land on the north side of the roadway located at Rt. 2, Box 277, Bugtussle, Oklahoma with the Plaintiff receiving the balance of the real property located on the southside of the roadway.

4. Any fences erected by the Plaintiff on said property which are in contradiction to this Court's division of real property should be removed.

5. As to the award to the Defendant of the fixtures to the household, the Court intended that all fixtures remain with the house and become the property of the Defendant, including any waterline from the lake to the home.

6. As to the award to the Defendant of the furniture of the parties, the Court intended that all property which was in the house at the time the divorce was granted should be awarded to the Defendant.

7. Any removal of the household contents by the Plaintiff is in contradiction to this Court's order granting the Defendant the household contents.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the intent of this Court's order of March 30, 1994 was to and the Court did award the house and the land on the north side of the roadway at Rt. 2, Box 277, Bugtussle, Oklahoma to the Defendant and the balance of the real property located on the southside of the roadway was awarded to the Plaintiff.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED that any fences erected by the Plaintiff which are in contradiction to this Court's award of real property shall be removed by the Plaintiff within 10 days of this order. Should the Plaintiff fail to remove these fences within 10 days from the date of this order, then the fences shall become the property of the Defendant and she may have them removed with the cost for the removal assessed to the Plaintiff.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED that the intent of the Court's order of March 30, 1994 was to and did award all fixtures of the house to the Defendant. The waterline from the lake to the house is a fixture and is part of the award of property to the Defendant.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED that the intent of the Court's order of March 30, 1994 was to and did award all contents of the house to the Defendant. The contents of the home as they existed on the date this Court granted the divorce are the contents that this Court intended to award to the Defendant.

/s/ Robert A. Layden
JUDGE OF
DISTRICT COURT

APPROVED AS TO FORM & CONTENT:

/s/ Joe D. Tate
JOE D. TATE, OBA # 13001
707 S. Houston, Suite 306
Tulsa, Oklahoma 74127

/s/ Deborah A. Reheard
DEBORAH A. REHEARD
BOYDSTON & REHEARD
100 N. 2nd St., P.O. Box 636
Eufaula, Oklahoma 74432