2010 OK 24

**Patricia L. PARHAM,**
**Petitioner/Appellee,**

v.

**Steven M. PARHAM,**
**Respondent/Appellant.**

No. 107,281.

Supreme Court of Oklahoma.

March 16, 2010.

As Corrected May 11, 2010.

Lauren LeBlanc Day, Newalla, OK, and Jennifer E. Irish, Edmond, OK, for Appellee.

James A. Slayton, Oklahoma City, OK, for Appellant.

REIF, J.:

¶ 1 This case concerns a dispute over the support alimony and child support provisions in the parties' 2007 divorce decree. These provisions state:

> The Respondent should be and is hereby ordered to pay spousal support to the Petitioner of $4,000.00 per month for a period of ninety (90) months (7½ years). The Respondent's payments shall commence on the first day of February, 2007, and shall continue on the first day of each month thereafter until the total amount of $360,000.00 be paid in full. These payments of support alimony shall terminate upon the death of either party, upon the Petitioner's remarriage, or as otherwise provided by Oklahoma statute.

> The Respondent should be and is hereby ordered to pay to the Petitioner child support in the amount of $5,000 per month. The Respondent's child support payments shall be made on the first day of each month beginning February 1, 2007, and continuing until the youngest child reaches the age of eighteen or graduates high school during his eighteenth year, whichever occurs later, or until further order of this Court.

The dispute centers on a motion filed by Husband Steven Parham seeking to modify the amount of support alimony and child support. The motion alleged change of circumstances as the ground for modifying these support obligations under statutory law.

¶ 2 Wife Patricia Parham opposed the modification of these obligations on grounds that (1) the decree was a consent decree that could only be modified by mutual consent and (2) the only modification of support alimony and child support allowed under the express language of the decree was termination of the respective obligations. Wife asserted she had not agreed to any modification of the decree since it became final and argued modification without mutual consent was forbidden by *Stuart v. Stuart*, 1976 OK 107, 555 P.2d 611.

¶ 3 In response, Husband contended that Wife's characterization of the decree as a "consent decree" was a legal conclusion which he disputed. Husband argued in the alternative that even if the decree was a "consent decree," (1) both the support alimony provision and the child support provision contain language that contemplate and allow for modification of these provisions and (2) the parties' express agreements concerning "termination" of the respective obligations do not preclude "modification" of the obligations otherwise allowed by law. Husband relied on *Dickason v. Dickason*, 1980 OK 24, 607 P.2d 674.

¶ 4 The parties presented these issues to the trial court through pleadings and briefs under summary judgment procedure. The trial court ruled the decree was a consent decree because its introductory paragraph stated that "the Court ... incorporates the parties' agreement herein." The trial court further ruled that "the specific language used in the Decree of Dissolution of Marriage providing for the modification/termination of the child support and support alimony [indicates] the intent of the parties was to provide specific circumstances for the modification/termination of the child support and support alimony." The trial court concluded that "the parties agreed, and contracted, to [these] specific terms for the modification/termination of the child support and support alimony [making such obligations] not subject to modification without the consent of both parties thereto [per *Stuart v. Stuart* ]."

¶ 5 Husband timely appealed this judgment, basically re-urging the points he presented on summary judgment. Husband

also asserted that there is a triable issue concerning the parties' intent with respect to modification of support alimony and child support that precludes summary judgment.

¶ 6 Wife filed a motion for this Court to retain this appeal, citing a conflict between the rule in the *Stuart* case and the rule in the *Dickason* case. In *Stuart,* a plurality of this Court said a consent decree is not subject to modification without consent of both parties thereto. *See Stuart,* 1976 OK 107, ¶¶ 14, 15, 555 P.2d at 615. In *Dickason,* this Court unanimously held "When a spousal agreement is ... incorporated in the decree, the rights which the parties have thereunder merge into that decree .... [and are thereafter] governed and become enforceable as a judgment [including termination and modification]." *Dickason,* 1980 OK 24, ¶ 9, 607 P.2d at 677 (footnote omitted). Wife asks this Court to hold that *Dickason* does not apply to cases like the case at hand in which the parties expressly limited modification/termination to agreed instances.

■ ¶ 7 This Court granted Wife's motion to retain this appeal by order of the Chief Justice entered on August 25, 2009. Upon review, we agree that the *Stuart* and *Dickason* cases need to be reconciled, but not in the way suggested by Wife. Furthermore, our de novo review of the summary judgment record leads us to conclude that the trial court erred in ruling that the support obligations in question were not subject to modification.[1]

---

1. An order that grants a summary judgment disposes solely of legal questions; it is reviewable under a de novo standard whereby an appellate court exercises independent and non-deferential authority to re-examine a trial court's legal rulings. *Manley v. Brown,* 1999 OK 79, ¶ 22, n. 30, 989 P.2d 448, 455.

2. 43 O.S. Supp.2008 § 134(B) states:
    The court shall also provide in the divorce decree that upon the death or remarriage of the recipient, the payments for support, if not already accrued, shall terminate. The court shall order the judgment for the payment of support to be terminated, and the lien released upon the presentation of proper proof of death of the recipient unless a proper claim is made for any amount of past-due support payments by an executor, administrator, or heir within ninety (90) days from the date of death of the recipient. Upon proper application the court shall order

■ ¶ 8 We begin by noting that the trial court erred by treating "modification" and "termination" as equivalent actions taken by a court with respect to a judgment. To be sure, both involve changing a judgment, but that is where the similarity ends.

¶ 9 "Termination" means to abrogate so much of an obligation as remains unperformed; that is, it ends the unperformed remainder. *See F. & M. Drilling Co. v. M. & T. Oil Co.,* 1943 OK 166, ¶¶ 0, 5, 137 P.2d 575, 577 (syllabus 1); *M & W Masonry Const. v. Head,* 1976 OK CIV APP 34, ¶ 14, n. 2, 562 P.2d 957, 961. "Modification" refers to a process by which new terms are sought to be added to a judgment or old ones changed, even though the general purpose and legal effect of the decision remain intact. *Tate v. Tate,* 1996 OK 17, ¶ 3, 912 P.2d 320, 322 (citing *Cartwright v. Atlas Chemical Industries,* 1981 OK 4, ¶ 8, 623 P.2d 606, 610 (footnotes omitted)). More simply put, " 'modification' is an alteration in the terms of the adjudicated obligation." *Cartwright,* 1981 OK 4, ¶ 8, 623 P.2d at 610.

¶ 10 This distinction between termination and modification of an obligation is also recognized in the statutes that govern support alimony and child support obligations in divorce decrees. The statutory conditions for termination of support alimony are found in 43 O.S. Supp.2008 § 134(B)[2], while statutory authority to modify support alimony is set forth in 43 O.S. Supp.2008 § 134(D)[3]. Simi-

---

payment of support terminated and the lien discharged after remarriage of the recipient, unless the recipient can make a proper showing that some amount of support is still needed and that circumstances have not rendered payment of the same inequitable, provided the recipient commences an action for such determination, within ninety (90) days of the date of such remarriage.

3. 43 O.S. Supp.2008 § 134(D) states:
    Except as otherwise provided in subsection C of this section, the provisions of any divorce decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Modification by the court of any divorce decree pertaining to the payment of alimony as support, pursuant to the provisions of this subsection, may extend to the

larly the statutory provisions relating to the duration of child support are found in 43 O.S. Supp.2008 § 112(E)[4] and 70 O.S. Supp.2007 § 11–103.6, while statutory authority to modify child support is set forth in 43 O.S. § 118(E)(16)(a)(1)[5].

¶ 11 In the case at hand, the parties' agreement concerning support alimony and child support dealt only with termination of these obligations. The decree is silent concerning the subject of modification and statutory authority to modify the amount of these obligations. This Court has recently held that a decree remains subject to statutory conditions for changing a support obligation set by decree where "It contains no language relating to the [statutory conditions] or indicating that the statutorily based ... conditions ... are waived." *In re Marriage of Burrell v. Burrell*, 2007 OK 47, ¶ 16, 192 P.3d 286, 291.

¶ 12 The case of *Burrell* concerned an agreed Georgia divorce decree that had been domesticated in Oklahoma for enforcement. This decree provided that support would continue until wife's death, but was silent concerning continuation or termination of support in the event wife remarried. Remarriage was a statutory condition for terminating support under both Georgia and Oklahoma law. This Court rejected the contention that the statutory condition of remarriage had been excluded as a condition for terminating support simply because the de-

cree provided the single condition of death for terminating support. This Court held that remarriage remained a condition to terminate support, because the decree "contains no language relating to wife's remarriage or indicating that the statutorily based termination conditions of 43 O.S.2001 § 134(B) are waived." *Id.* at ¶ 16, 192 P.3d at 291 (emphasis omitted).

¶ 13 *Burrell* applies and reaffirms the holdings of *Dickason* and *Batchelor v. Batchelor*, 1978 OK 135, 585 P.2d 1120. In *Dickason*, there was no provision in the parties' agreement or the decree that expressly excluded the agreed alimony award from becoming terminable on death or remarriage as provided by statute. The Court said that "[t]o escape the incidence of general law, [applicable to the class of judgments into which it falls] [a divorce] decree must not be silent as to the parties' intent vis-à-vis the law that applies to them." *Dickason*, 1980 OK 24, ¶ 10, 607 P.2d at 677 (footnote omitted). The Court held: "An intent to modify applicable law by contract is not effective unless the power is expressly exercised." *Id.*

¶ 14 In *Batchelor*, there was similarly no mention in the parties' agreement or decree concerning the remarriage of wife and its effect on the payment of support alimony. The Court held "where a consent Decree incorporates a property Agreement of the parties, providing for the payment of ... support, the support payments come under

terms of the payments and to the total amount awarded; provided however, such modification shall only have prospective application.

4. 43 O.S. Supp.2008 § 112(E) states:
   Except as otherwise provided by Section 112.1A of this title, any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a child is regularly enrolled in and attending high school, as set forth in Section 11–103.6 of Title 70 of the Oklahoma Statutes, other means of high school education, or an alternative high school education program as a full-time student, the child shall be entitled to support by the parents until the child graduates from high school or until the age of twenty (20) years, whichever occurs first. Full-time attendance shall include regularly scheduled breaks from the school year. No hearing or further order is required to extend support pursuant to this subsection after the child reaches the age of eighteen (18) years.

5. 43 O.S. Supp.2008 § 118(E)(16)(a)(1) provides:

   The child support guidelines are as follows:

   . . . .
   Child support orders may be modified upon a material change in circumstances which includes, but is not limited to, an increase or decrease in income, changes in actual child care expenses, changes in medical or dental insurance, or when one of the children in the child support order reaches the age of majority or otherwise ceases to be entitled to support pursuant to the support order.
   Subsequent to the request for modification in this case, the Legislature amended § 118, and added nine more sections—§ 118A, § 118B, § 118C, § 118D, § 118E, § 118F, § 118G, § 118H, and § 118I, all with the effective date of July 1, 2009.

the [statutory conditions for termination] and are terminable in accordance [there]with ... unless the instruments clearly express otherwise." *Batchelor*, 1978 OK 135, ¶ 12, 585 P.2d at 1123.

¶ 15 While these cases deal with the parties' failure to address or to agree to avoid statutory termination provisions, their analysis and reasoning apply with equal force to the statutory modification provisions. This is so because both comprise the general law applicable to the class of judgments known as divorce decrees and are part of "the law which generally governs the class of obligations" set by divorce decrees. *Dickason*, 1980 OK 24, ¶ 10, 607 P.2d at 677. Like the decree in *Burrell*, the decree in the case at hand contains no language relating to modification of the obligations or indicating that statutorily based modification is waived.

¶ 16 We are cognizant that the foregoing authority is inconsistent with the observation in *Stuart* that "[i]f the parties had intended the [support] payments to be terminable on death or remarriage ... language to that effect would have been included in either the Agreement or Decree." *Stuart*, 1976 OK 107, ¶ 16, 555 P.2d at 615. However, this observation was made in reference to "support payments" that were "intended to be alimony payments in lieu of property division, and thus *not* subject to termination upon [the statutory condition of] remarriage." *Batchelor*, 1978 OK 135, ¶ 9, 585 P.2d at 1123 (emphasis added). That is, the so called "support payments" in *Stuart* were actually property division installments which were not subject to statutory termination or modification by their very nature without

regard to the parties' failure to address termination or modification in the agreement or decree.

¶ 17 When viewed in the context of its facts and dispositive issue, the *Stuart* case cannot be read to support an absolute rule forbidding consent decrees from being modified without the parties' mutual consent as Wife contends. Consideration of the facts and dispositive issue likewise reveals that statements about agreed upon "alimony" not being subject to modification are simply dicta.[6] Even if the case at hand could serve as the vehicle for adoption of the rule urged by Wife, this Court believes that the better rule is for the parties to expressly address termination and modification, and to clearly express that they do not intend for a particular support obligation to be subject to statutory provisions governing termination or modification.[7]

¶ 18 In the case at hand the decree reflects the parties did agree upon special conditions for the *termination* of support alimony and child support. While those special conditions are not directly at issue, they reflect the parties' express choice concerning termination of the support obligations and, as such, are enforceable in lieu of the statutory conditions. As concerns modification of the amount of these support obligations, the decree does not similarly provide special conditions for their modification or address the statutory conditions governing modification of the amount of support alimony and child support. If the parties wished to apply special conditions for modification of support alimony or child support, they could have done so.[8] As a consequence, the decree at

6. Wife points out that several cases decided since *Dickason* have cited *Stuart* as authority for enforcing support alimony and child support provisions exactly as agreed upon by the parties. In particular, Wife points to *Whitehead v. Whitehead*, 1999 OK 91, 995 P.2d 1098, which, in turn, is extensively cited in *Holleyman v. Holleyman*, 2003 OK 48, 78 P.3d 921. However, each of these cases deal with an agreement by the parties to provide support obligations that exceed those required by law, and not whether *standard* alimony and child support are subject to statutory provisions for termination and modification.

7. We are cognizant that an *express waiver* of statutory rights in a consent decree is *not re-*

*quired,* but the parties must nonetheless demonstrate intent to avoid the strictures of a particular statute. *Kittredge v. Kittredge*, 1995 OK 30, ¶ 5, 911 P.2d 903.

8. In recognizing that the parties have some latitude to agree upon special conditions for termination or modification of child support, we do not depart from this Court's long standing rule that an agreement of the parties as to child support is not binding upon the court, nor can such agreement affect the power of the court to modify an award of child support. *Parkey v. Parkey*, 1962 OK 110, ¶¶ 18–19, 371 P.2d 711, 714. Enforcement of any conditions concerning the termination or modification of child support

issue remains subject to such statutory conditions and it was error for the trial court to grant summary judgment determining the decree could not be modified in this regard.

¶ 19 The summary judgment is reversed. This case is remanded to the trial court to hear and to determine Husband's motion to modify.

**REVERSED AND REMANDED.**

¶ 20 ALL JUSTICES CONCUR.

that differ from the conditions provided by statute must always be guided by the best interests of the child.